**Gretchen S. PULLEN, Appellant,**

v.

**Jeanelle SWANSON, Executrix of the Estate of J.F. Swanson, Appellee.**

**No. C14–82–853CV.**

Court of Appeals of Texas, Houston (14th Dist.).

April 5, 1984.

**360**

Eugene B. Wilshire, Jr., Bonham, Carrington & Fox, Houston, for appellant.

Carl Halla, Jr., Houston, for appellee.

Before PAUL PRESSLER, ROBERTSON and DRAUGHN, JJ.

## OPINION

DRAUGHN, Justice.

Our previous opinion is withdrawn on Motion for Rehearing and the following opinion is substituted therefor.

This appeal involves the central issue as to whether a District Court errs if it abates a suit to collect from an estate on a series of promissory notes executed by the deceased when an estate proceeding is already pending in a statutory probate court. It also involves the related question as to whether a Motion to Abate an action filed in the District Court was timely filed. Appellant contends that the District Court had original jurisdiction over the suit, and therefore, it erred in granting appellee's Motion to Abate/dismiss. Appellant alternatively alleges that the motion was untimely filed and, therefore, waived. We find to the contrary on both points and affirm the judgment of the trial court.

Appellant, Gretchen S. Pullen, filed suit on July 30, 1980 in the 157th District Court of Harris County to collect on a series of promissory notes executed in 1970 by the deceased, J.F. Swanson. J.F. Swanson died on October 16, 1975 and his will was admitted to probate in Harris County Probate Court Number Two on November 4, 1975. Appellee, Jeanelle Swanson, as executrix of the estate of J.F. Swanson, was named as defendant in that suit. On October 4, 1982, appellee filed in the district court a motion entitled "Motion to Dismiss and/or Alternatively Plea in Abatement." The motion to dismiss/plea in abatement was based on the argument that probate proceedings had already been instituted in the statutory probate court, and therefore that court had exclusive subject matter jurisdiction over appellant's lawsuit. The district court granted the motion, ordered appellant's pleadings stricken and abated the action.

Appellant argues in her first point of error that the trial court erred in granting appellee's motion for abatement because the district court under the constitution and statutory law has original jurisdiction over the subject matter of this litigation.

In 1973, the Texas Constitution was amended to grant the Legislature the power "to increase, diminish or eliminate the jurisdiction of either the district court or the county court in probate matters, and in cases of any such change of jurisdiction, the legislature shall also conform the jurisdiction of the other courts to such change." TEX. CONST. art. V, § 8. Pursuant to that authority, in 1973, the Legislature amended section five of the Probate Code governing the jurisdiction of courts with regard to probate matters. Then in 1979, the Legislature adopted § 5A and amended § 5 of the Probate Code. TEX.PROB. CODE ANN. § 5(c) and (d) (Vernon 1980) now provide in pertinent part:

(c) *In those counties where there is a statutory probate court,* county court at law, or other statutory court exercising the jurisdiction of a probate court, *all applications, petitions and motions regarding pro-* *bate,* administrations guardianships, and mental illness matters *shall be filed in and heard in such courts and the constitutional county court, rather than in the district courts, unless otherwise provided by the legislature,* and the judges of such courts may hear any such matters sitting for the judge of any of such courts ...

\* \* \* \* \* \*

(d) All courts exercising original probate jurisdiction shall have the power to hear all matters *incident to an estate* ... (emphasis added).

Appellant argues that although § 5(c) provides that all probate related matters shall be filed in and heard by the statutory probate court, this action against an executrix is an example of a situation in which the legislature has "otherwise provided" and the district court was the proper court to hear this action. Appellant also argues that this action is not "incident to an estate."

Appellant cites § 5(a) of the Probate Code for the proposition that the district court has the sole and exclusive authority to hear actions involving executors. That section provides: "The district court shall have original control and jurisdiction over executors, administrators, guardians and wards under such regulations as may be prescribed by law." Tex.Prob.Code § 5(a) (Vernon 1980). The Texas Legislature, acting under the authority provided by the 1973 Amendment to article V, § 8 of the Texas Constitution, has "prescribed by law" changes in the Probate Code that have considerably changed the jurisdictional relationship of the district court and statutory probate courts in probate related matters.

Particularly relevant here is TEX.PROB. CODE ANN. § 5A(b) which expressly provides that:

All statutory probate courts shall have the same powers over independent executors that are exercisable by the district courts. In situations where the jurisdiction of a statutory probate court is concurrent with that of a district court, any

cause of action appertaining to estates or incident to an estate shall be brought in a statutory probate court rather than in the district court.

Appellant contends that the jurisdiction of a statutory probate court is not concurrent with that of a district court and therefore the last sentence of § 5A(b) does not apply in this case.

The Texas Constitution, however, clearly states that the district court, concurrently with the county court, shall have the general jurisdiction of a probate court. TEX. CONST. art. V, § 8. As previously noted, the legislature, by constitutional amendment, has the power to modify jurisdiction in probate matters. It exercised this power when it created Probate Court No. 2 of Harris County. By statute the legislature expressly provided that this court's jurisdiction was concurrent with the county court. TEX.REV.CIV.STAT.ANN. art. 1970–110a.2 § 3 (Vernon Supp.1982–1983). It then logically follows that if the district courts and county courts have concurrent jurisdiction in probate matters and the jurisdiction of Statutory Probate Court No. 2 of Harris County is the same as the county court, then the district court and statutory probate court likewise have concurrent jurisdiction. Having laid down this qualifying requirement of concurrent probate jurisdiction between a statutory probate court and district court, the legislature then qualified the exercise of jurisdiction by the district court by the remaining language in § 5A(b) which requires that "any cause of action appertaining to estates or incident to an estate *shall be brought in a statutory probate court rather than in the district court* (emphasis added)."

■ Appellant contends, however, that this suit against the executrix to collect on the promissory notes from the assets of the estate, is not a suit appertaining to or incident to an estate. We disagree. Probate Code § 5A(b) plainly states that in proceedings in the statutory probate courts and district courts, the phrases "appertaining to estates" and "incident to an estate" includes *"all claims by or against an es-*

*tate"*, "all actions for trial of the right of property", and "generally all matters relating to the settlement, partition, and distribution of estates of wards and deceased persons."

■ The Supreme Court has found that the determination of a decedent's right to probate assets necessarily falls within the scope of being an action "incident to an estate." *English v. Cobb,* 593 S.W.2d 674, 676 (Tex.1979). An action is "incident to an estate" when the outcome will have a direct bearing on the assimilation, collection, and distribution of the decedent's estate. *English v. Cobb, supra; Lucik v. Taylor,* 596 S.W.2d 514 (Tex.1980). This court has previously stated that a statutory probate court has subject matter jurisdiction to hear a suit brought by an administrator to collect on a note owed to the deceased. *Rosemont Enterprises Inc. v. Lummis,* 596 S.W.2d 916 (Tex.Civ.App.—Houston [14th Dist.] 1980, no writ). The statutory probate court also has jurisdiction to enter an injunction to prevent a lienholder from foreclosing on property securing a promissory note, when the property could be assets of an estate. *Onoray Davis Trucking Company, Inc. v. Lewis,* 635 S.W.2d 622 (Tex.App.—Houston [14th Dist.] 1982, writ dismissed). This present action, seeking to collect from an executrix on a series of promissory notes owed by the deceased, would necessarily involve the assets of the estate and would be "incident to the estate" under both Probate Code § 5A(b) and the case law.

The Court of Appeals in Fort Worth, on the facts presented, has found that once a will is filed for probate, the statutory probate court acquires exclusive jurisdiction over matters incident to the estate and a subsequent action filed in the district court incident to the estate is susceptible to a motion to dismiss. *Boman v. Howell,* 618 S.W.2d 913 (Tex.Civ.App.—Fort Worth 1981, no writ). *See Eisenhauer v. Williams,* 537 S.W.2d 336 (Tex.Civ.App.—San Antonio 1976, no writ). Because the District Court and Statutory Probate Court No. 2 of Harris County have concurrent

jurisdiction in probate matters and this is a matter that is "incident to an estate", § 5A(b) states that the cause of action shall be brought and heard in the statutory probate court rather than the district court.

We disagree with the *Boman* opinion insofar as it implies that a statutory probate court has exclusive jurisdiction over all matters "incident to an estate" regardless of whether an estate proceeding is already pending in the statutory probate court. As defined by the case law and § 5A(b), the term "incident to an estate" includes a great number of causes of action that have not traditionally been considered as probate matters. The reason for the change in probate jurisdiction is to allow probate courts to more "fully and quickly settle a decedent's estate in one proceeding." *English v. Cobb*, 593 S.W.2d at 676.

■ We therefore find that the addition to the jurisdiction of the statutory probate courts to include the power to hear all matters incident to an estate necessarily presupposes that a probate proceeding is already pending in that court. The grant of power to hear matters "incident to an estate" is contained in § 5(d). That section provides that "all courts *exercising* original probate jurisdiction shall have the power to hear all matters incident to an estate". We interpret § 5(d) to mean that before a probate court may hear all matters incident to an estate, that court must first be exercising original probate jurisdiction. A court is not "exercising" jurisdiction unless and until a matter is actually pending in that court. If this were not so, a statutory probate court could arguably assert jurisdiction over any cause of action if the suit fell within the broad definition of "incident to an estate." We believe that the better rule is that the statutory probate court has the power to hear all matters incident to an estate "only in those instances where a probate proceeding, such as an administration of an estate, is actually pending in the court at the time suit is filed." *Wolford v. Wolford*, 590 S.W.2d 769 (Tex.Civ.App.—Houston [14th Dist.] 1979, writ ref'd n.r.e.); *Sumaruk v. Todd*, 560 S.W.2d 141 (Tex.

Civ.App.—Tyler 1977, no writ); 17 M. Woodard & E. Smith, Probate and Decedents' Estates §§ 9, 10 (Texas Practice Supp.1981); *Seay v. Hall*, 663 S.W.2d 468 (Tex.App.—Dallas 1983, writ pending).

Because this lawsuit was "incident to the estate" of J.F. Swanson and probate proceedings had been instituted in Statutory Probate Court Number 2 before this suit had been filed in the district court, the statutory probate court had subject matter jurisdiction over this cause of action. On these facts the trial court did not err in granting the Plea in Abatement. Appellant's first point of error is overruled.

Appellant's second point of error is that the trial court erred in granting appellee's motion to dismiss or Plea in Abatement and striking the appellant's pleadings because the motion was not presented timely and the district court has subject matter jurisdiction of this litigation. While we agree that a plea in abatement will be considered waived if it is not timely filed and presented to the trial court, we believe that this plea was presented timely.

■ A non-jurisdictional plea in abatement is waived if it is not filed before a trial on the merits. *Garcia v. Texas Employers' Insurance Association*, 622 S.W.2d 626 (Tex.App.—Amarillo 1981, writ ref'd n.r.e.). Appellant argues that the Appellee had waived the right to abate the district court proceeding because she had filed other motions in this litigation which had been pending for almost two years before the Plea in Abatement was filed. Appellant concludes that the Plea therefore was not timely filed. We disagree. The other motions referred to by appellant were filed by appellee specifically subject to the trial court's action on the Plea in Abatement.

In the Motion for Rehearing, appellant also states that "Appellee's Motion to Dismiss was filed with the District Court in October of 1982. Prior to that, specifically in February of 1982, Appellee filed her Original Counterclaim against Appellant, with no mention of, and certainly not subject to, any dismissal motion...." Appel-

lant fails to mention in the Motion for Rehearing that the Transcript before this court does not contain an "Original Counterclaim" filed on February of 1982. We refuse to consider matters not included in the record. Although the Plea in Abatement was filed after the suit had been pending in the district court, it was timely filed prior to trial time. Appellant's second point of error is overrruled.

In the Motion for Rehearing, Appellant also attacks the Constitutionality of Probate Code sections 5 and 5A(b). Appellant disagrees with our previous opinion which held that by virtue of these sections the statutory probate court had exclusive subject matter jurisdiction over matters incident to an estate. She contends that such an interpretation would unconstitutionally divest the District Court of its jurisdiction to hear matters appertaining to or incident to estates.

■ In the first place, the final sentence of section 5A(b) does not completely divest the District Court of the jurisdiction to hear all matters incident to an estate. The sentence is a statutory expression of a policy of judicial self-restraint that once the jurisdiction of the statutory probate court has attached and that jurisdiction is adequate to grant the requested relief, the District Court should refrain from exercising its concurrent jurisdiction. *See* 17 M. Woodward & E. Smith, Probate & Decedents' Estates § 10 at p. 16 (Texas Practice Supp.1981); Comment, Section 5 of the Texas Probate Code: An Indirect Reduction of District Court Jurisdiction, 30 Baylor L.Rev. 129 (1978); *Eisenhauer v. Williams*, 537 S.W.2d at 337. In making the determination of whether to decline to exercise its concurrent jurisdiction, the district court should examine the convenience of the parties, the subject matter of the suit, the extent to which settlement of the estate might be expedited by the case being heard by a probate court, and any possible conflicts with other statutes and rules.

*Potter v. Potter*, 545 S.W.2d 43 (Tex.Civ. App.—Houston [1st Dist.] 1976, writ ref'd n.r.e.); Woodward & Smith § 9 at p. 9 (Texas Practice Supp.1981). Since § 5A(b) does not divest the District Court of its jurisdiction, appellant's constitutional challenge is overruled.

■ Relevant to the subject matter involved in this case, we would point out that the legislature does have the constitutional power to divest the jurisdiction of the District Court in "probate matters." This is set out in Article V, § 8 of the Texas Constitution, which clearly grants the legislature the authority "to increase, diminish or eliminate the jurisdiction of either the district court or the county court in *probate matters* ... (emphasis added)." Appellant argues in this regard that the matters listed in the second sentence of the third paragraph of Article V, § 8 are the only matters included within the definition of "probate matters" and that these are the only matters which the legislature may constitutionally divest from district court jurisdiction. This list specifically includes matters involving "the settlement, partition and distribution of estates of deceased persons." This particular law suit which seeks to collect from the estate on promissory notes, would necessarily involve the assets of the estate. This, in turn, would affect the settlement, partition and distribution of J.F. Swanson's estate. Accordingly, we find that the legislature, if it has completely divested the district court of its jurisdiction in the area represented by this case, was acting within its constitutional authority.

The judgment is affirmed.