**FIRST STATE BANK OF BEDIAS, Appellant,**

v.

**Dorothy Louise BISHOP, Administratrix of the Estate of Thomas W. Bishop, Deceased, Appellee.**

**No. 01-84-0492-CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 10, 1985.

Rehearing Denied Feb. 7, 1985.

Michael J. Cenatiempo, Wyckoff, Russell, Frazier & Cenatiempo, James B. Wesley, Wesley & Wilson, Houston, for appellant.

Glenn H. Johnson, Allan A. Cease, Johnson, Wurzer & Westmoreland, P.C., Houston, for appellee.

Before DUGGAN, LEVY and WARREN, JJ.

## OPINION

### ON MOTION FOR REHEARING

WARREN, Justice.

We withdraw our prior opinion and substitute the following:

This is an appeal from a summary judgment granted by the Probate Court Number One of Harris County, Texas.

The summary judgment granted appellee a bill of review on four prior probate court orders which had allowed appellant's claims against the Estate of Thomas W. Bishop, deceased, for unpaid promissory notes executed by the deceased. In essence, the probate court held, in granting the summary judgment, that appellant's claims were barred because it did not timely file its suit in a court of proper jurisdiction within 90 days after its claims had been rejected, as required by Texas Probate Code section 313. The court's summary judgment recited that Probate Court Number One of Harris County, where the estate was pending, had exclusive jurisdiction of the suit to establish the claim. We reverse and remand.

Our primary question is whether the filing of a suit in a district court to establish claims against an estate being administered in a statutory probate court satisfies section 313 of the Texas Probate Code, which requires that:

When a claim or a part thereof has been rejected by the representative, the claimant shall institute suit thereon in the court of original probate jurisdiction in which the estate is pending *or in any other court of proper jurisdiction* within ninety days after such rejection, or the claim shall be barred.

Tex.Prob.Code Ann. sec. 313 (Vernon 1980). The underlying questions involve the jurisdiction of statutory probate courts and district courts on claims incident or appertaining to an estate.

During 1979 and 1980, Thomas W. Bishop executed four promissory notes payable to the order of the appellant bank in the aggregate amount of $75,000. On November 18, 1980, Thomas Bishop died without having paid the amount due under the notes. On December 23, 1980, Dorothy Louise Bishop, the surviving wife of Thomas Bishop, was appointed and qualified as the administratrix of Thomas Bishop's estate in Probate Court Number One of Harris County, Texas. On August 17 and August 20, 1981, appellant presented authenticated claims for the unpaid balance due under the promissory notes. The administratrix neither approved nor rejected the claims within 30 days, causing them to be rejected by operation of law, as provided in Texas Probate Code section 310.

On October 16, 1981, within 90 days after rejection of the claims by operation of law, appellant filed suit on the notes in the District Court of Grimes County against Dorothy Bishop individually and as administratrix of the estate. Appellee answered

but never filed a plea in abatement to the venue or jurisdiction of the district court. On May 22, 1982, the district court, after a non-jury trial, entered judgment against the estate and appellee Dorothy Bishop, individually. The judgment was then timely transmitted to the probate court for certification. On June 25, 1982, the probate judge approved and classified each of the four claims.

On February 2, 1984, approximately 19 months after the claims had been approved by the probate court, appellee filed a bill of review, alleging that the district court judgment was void because the probate court had exclusive jurisdiction over the suit on the notes. The appellee further alleged that appellant's claims were barred because appellant failed to file its claims in the probate court within 90 days after they had been rejected by the administratrix. Appellee prayed that the probate court's previous order allowing the claims be set aside and that the appellant's four claims be barred.

The probate court granted appellant's motion for summary judgment, which judgment provided in pertinent part:

[T]he Court further finds that at the time of the filing of the suit to authenticate the four unsecured claims in the 278th District Court of Grimes County, Texas, and afterwards, this Court had exclusive jurisdiction, pursuant to TEX. PROB.CODE ANN. Sections 5(c), 5(d) and 5A(b), to consider the aforementioned four unsecured claims; the Court further finds that the four unsecured claims of Defendant, FIRST STATE BANK OF BEDIAS, are barred for Defendant's failure to institute suit thereon in this Court within ninety (90) days after the rejection of said claims; the Court further finds that the suit filed by Defendant, FIRST STATE BANK OF BEDIAS, in the 278th District Court of Grimes County, Texas, under Cause No. 23,793, was not a proper or effective institution of suit within ninety (90) days of rejection of the four unsecured claims of Defendant, FIRST STATE BANK OF BEDIAS, as required by TEX.PROB. CODE ANN. Section 313 and that Defendant, FIRST STATE BANK OF BEDIAS, should be forever barred from bringing suit thereon against the Estate of Thomas W. Bishop, Deceased, in this Court or any other Court...

In its one point of error appellant urges that the trial court erred in granting the summary judgment on the bill of review because:

(1) the bill of review constituted a collateral attack on the valid district court judgment, and

(2) the summary judgment evidence raises a fact issue as to whether appellant is estopped from attacking the jurisdiction of the district court.

Before 1973 the probate courts, with few exceptions, were relegated to the role of overseeing the affairs of an estate to insure that it was being administered in a fair and legal manner. In 1973, the Texas Constitution was amended to provide:

The District Court ... shall have the general jurisdiction of a probate court. It shall ... settle accounts of executors, transact all business appertaining to deceased persons ... including the settlement, partition and distribution of estates of deceased persons and to apprentice minors, as provided by law. In any proceeding involving the general jurisdiction of a probate court, including such specified proceedings, the district court shall also have all other jurisdiction conferred upon the district court by law. The legislature, however, shall have the power, by local or general law, Section 16 of Article V of this Constitution notwithstanding, to increase, diminish or eliminate the jurisdiction of either the district court or the county court in probate matters....

Tex. Const. art. V, sec. 8. Also in 1973, section 5 of the Texas Probate Code was amended to expand the powers of probate courts in areas previously reserved to district courts. Paragraph (d) of section 5 provides: "All courts exercising original probate jurisdiction shall have the power to

hear all matters incident to an estate." Tex.Prob.Code Ann. sec. 5 (Vernon Supp. 1984).

In 1979, the legislature added section 5A to the Probate Code to better define "matters incident to an estate" and to direct where such matters should be heard. Part (b) of that section provides, in pertinent part:

(b) In proceedings in the statutory probate courts and district courts, the phrases "appertaining to estates" and "incident to an estate" in this Code include the probate of wills, the issuance of letters testamentary and of administration, and the determination of heirship, and also include, but are not limited to, *all claims by or against an estate....* In situations *where the jurisdiction of a statutory probate court is concurrent with that of a district court, any cause of action* appertaining to estates or *incident to an estate shall be brought in a statutory probate court rather than in the district court.*

Tex.Prob.Code Ann. sec. 5A(b) (Vernon 1980) (Emphasis added).

Since the parties agree that the suit to establish notes as claims against the estate is "incident" or "appertaining to an estate," we have no issue before us regarding that part of section 5A(b). Our question is whether the language contained in the last sentence of section 5A(b) ousts the district court of the power to hear such a suit, even if the parties expressly or implicitly agree to try the matter in that court.

A substantial number of cases analyzing the effect of section 5A(b) have held that when a probate proceeding is pending in a statutory probate court, all matters "incident to the estate" should thereafter be brought in the probate court.

In this regard, the Fourteenth Court of Appeals held in *Pullen v. Swanson,* 667 S.W.2d 359 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.), where the appellant had filed suit to establish claims against the estate on unpaid promissory notes:

Because this lawsuit was "incident to the estate" of J.F. Swanson and probate proceedings had been instituted in Statutory Probate Court Number 2 before this suit had been filed in the district court, the statutory probate court had subject matter jurisdiction over this cause of action.

*Id.* at 363. *See also Piper Aircraft Corp. v. Yowell,* 674 S.W.2d 447, 459 (Tex.App.— Fort Worth 1984, writ pending) (when proceedings regarding an estate are already pending in statutory probate court, a matter incident to an estate must be brought in the probate court rather than in the district court); *Tarrant County Hospital District v. Jones,* 664 S.W.2d 191, 196 (Tex.App.— Fort Worth 1984, no writ) (probate court proper forum for action incident to an estate where probate proceedings pending); *Seay v. Hall,* 663 S.W.2d 468, 472 (Tex. App.—Dallas 1983), *aff'd in part and rev'd in part on other grounds,* 677 S.W.2d 19 (Tex.1984); *Adams v. Calloway,* 662 S.W.2d 423, 427 (Tex.App.—Corpus Christi 1983, no writ) (where administration of an estate is pending, any claim which is *incident* to the estate shall be brought in statutory probate court); *Bank of the Southwest, N.A. v. Stehle,* 660 S.W.2d 572, 574 (Tex.App.—San Antonio 1983, writ ref'd n.r.e.) (reversal of district court judgment and dismissal of action where probate court proceeding previously filed); *Boman v. Howell,* 618 S.W.2d 913, 915 (Tex.Civ.App. —Fort Worth 1981, no writ) (district court had no jurisdiction to construe a will where proceedings were pending in the statutory probate court). It must be noted that in each of the above cases, except *Tarrant County Hospital District v. Jones,* the opinion showed that a plea to the trial court's jurisdiction was filed. Also, in view of the Supreme Court's holding in *Seay v. Hall,* the authority in some of the above cases must be questioned or discounted.

In interpreting the effect of section 5A(b), the *Pullen* court wrote:

The [last] sentence [in section 5A(b) ] is a statutory expression of a policy of judicial self-restraint that once the jurisdiction of the statutory probate court has

attached and that jurisdiction is adequate to grant the requested relief, the District Court should refrain from exercising its concurrent jurisdiction.

667 S.W.2d at 364.

In *Curtis v. Gibbs,* 511 S.W.2d 263 (Tex. 1974), a domestic relations case in which suits were filed in two courts of concurrent jurisdiction, Chief Justice Greenhill wrote for a unanimous court:

> The general common law rule in Texas is that the court in which suit is first filed acquires dominant jurisdiction to the exclusion of other coordinate courts. *Cleveland v. Ward,* 116 Tex. 1, 285 S.W. 1063 (1926), *Ex parte Lillard,* 159 Tex. 18, 314 S.W.2d 800 (1958). Any subsequent suit involving the same parties and the same controversy must be dismissed if a party to that suit calls the second court's attention to the pendency of the prior suit by a plea in abatement. If the second court refuses to sustain a proper plea in abatement, or attempts to interfere with the prior action, this court has the power to act by mandamus or other appropriate writ to settle the conflict of jurisdictions. *Cleveland v. Ward, supra; Wheeler v. Williams,* 158 Tex. 383, 312 S.W.2d 221 (1958); *Way & Way v. Coca-Cola Bottling Co.,* 119 Tex. 419, 29 S.W.2d 1067 (1930); *Conn v. Campbell,* 119 Tex. 82, 24 S.W.2d 813 (1930).

511 S.W.2d at 267.

■ Logic requires our holding that section 5A(b) only gives statutory probate courts *dominant* jurisdiction over claims "appertaining to or incident to an estate," rather than *exclusive* jurisdiction, once probate proceedings have been filed in the probate court. The latter interpretation would repeal, by implication, that part of section 313 allowing suits on rejected claims to be filed in the court of original probate jurisdiction "or in any other court of proper jurisdiction."

There is also a compelling practical reason why district courts should not be divested of jurisdiction over matters "incident to or appertaining to an estate" regarding pending probate proceedings. Nei-

ther lawyers nor courts have agreed on precisely what constitutes matters "incident to or appertaining to an estate." In many cases, if the district courts lacked any jurisdiction to hear such cases, the diligent lawyer would be required to file suit in both courts pending a final determination of whether the cause of action was incident to an estate. Yet another problem would be where parties, acting in good faith but uncertain of the appropriate forum, could agree to try a suit in the district court, and the loser could cry "no jurisdiction" and seek to have the appellate courts determine whether the claim was "incident to or appertaining to an estate." Such practices would only tarnish the image of the probate courts which have traditionally provided quick and fair relief to widows, orphans, and others in need of such assistance.

■ We sustain appellant's point of error and hold that appellant's suit was timely filed in the District Court of Grimes County under section 313 of the Texas Probate Code and that the probate court erred in granting appellee's motion for summary judgment. When proceedings have commenced in a statutory probate court, the probate court has dominant jurisdiction over any subsequent suits incident or appertaining to an estate, and the district court or any other court of concurrent jurisdiction has servient jurisdiction. Thus, a judgment in a suit tried in a court of concurrent jurisdiction, without objection, is not void. Upon timely filing of a plea in abatement or other appropriate motion, however, the district court or any other court having concurrent jurisdiction with the probate court must immediately relinquish its jurisdiction to the statutory probate court. *Pullen,* 667 S.W.2d at 363–64. Only by this interpretation can we resolve the apparent conflicts between the various sections of the Probate Code implicating the jurisdiction of statutory probate courts and district courts.

We will not consider appellee's contention that Texas Probate Code section 8(a) is applicable to our case because we do not

consider our question to be one of venue. Also we decline to decide appellant's contention regarding estoppel, as it is unnecessary to our disposition of this case.

Reversed and remanded.