**Rose Smetek FALDERBAUM, Personal Representative of the Estate of Dorothy B. Smetek, Deceased, Appellant,**

v.

**Shelly LOWE, Appellee.**

**No. 03–97–00270–CV.**

Court of Appeals of Texas, Austin.

March 5, 1998.

D. John Leger, Leger & Coplen, P.C., Houston, for Appellant.

Hugh Lowe, Osborne, Lowe, Helman & Smith, L.L.P., Austin, for Appellee.

KIDD, Justice.

This appeal arises from a post-judgment collection effort by appellee Shelly Lowe, directed against appellant Rose Smetek Falderbaum, as personal representative of the estate of Dorothy B. Smetek, Deceased.

Falderbaum asserts that the trial court erred in exercising its jurisdiction over matters incident to the estate when it (1) issued a writ of garnishment, and (2) subsequently ordered Falderbaum to pay Lowe actual and exemplary damages for violating the garnishment order. We will affirm the trial court's judgment.

## BACKGROUND

In December 1991, Lowe obtained a default judgment for over forty-one million dollars against John Smetek. To date, no payment has been made on this judgment. At some point after the default judgment was rendered, Lowe discovered that John Smetek was an heir of Dorothy B. Smetek, deceased, whose estate was under the administration of Probate Court II of Harris County. On January 31, 1992, Lowe filed a writ of garnishment in the Travis County district court. Lowe requested the district court to order Falderbaum, the administratrix of the estate, to pay Lowe any property due to John Smetek from the estate. Falderbaum did not contest the writ of garnishment, and thus a default judgment was rendered on March 18, 1992. The judgment of garnishment specifically ordered Falderbaum to pay Lowe all property due to John Smetek that may come into her possession as personal representative of the estate.[1]

Despite the garnishment judgment rendered against her, Falderbaum paid Smetek $25,428.44. This payment allegedly represented a portion of the property due to Smetek from the estate. This disbursement was in violation of the garnishment judgment and was not authorized by either the Texas Probate Code or the probate court. Therefore, Lowe filed a second cause of action against Falderbaum, under the same cause number, to enforce the writ of garnishment. Specifically, Lowe averred that Falderbaum had knowingly, willfully, and maliciously converted the garnishment funds due to Lowe into a direct payment to Smetek, as well as negligently performed her duties as the estate's

---

1. Following the default judgment, Falderbaum filed an answer to Lowe's petition for writ of garnishment, which in part challenged the district court's jurisdiction to hear the writ. As discussed herein, this untimely answer was not the proper procedural mechanism to attack the court's judgment.

personal representative. Lowe asked the district court to find actual and exemplary damages against Falderbaum. Falderbaum answered these new claims with a general denial and challenged the district court's jurisdiction with a plea in abatement on September 23, 1994. The district court rejected that plea.

On January 21, 1997, the district court ordered Falderbaum to pay Lowe $25,428.44 in actual damages. The court further found that Falderbaum had surreptitiously distributed this portion of the estate in order to bypass the orderly process of the probate court and to interfere with Lowe's right to receive the money due to her. The court found that this disbursement was done knowingly, willfully, maliciously, and with actual intent to injure Lowe, and with gross negligence. Therefore, an additional $36,453 for exemplary damages was granted. Falderbaum appeals the district court's judgment regarding its jurisdiction over the writ of garnishment and its subsequent enforcement.

## DISCUSSION

In her first point of error, Falderbaum argues that the district court lacked subject-matter jurisdiction to hear Lowe's writ of garnishment and her subsequent enforcement action. This argument is without merit.

The Texas Probate Code provides that:

[a] statutory probate court has *concurrent jurisdiction* with the district court in all actions *by or against* a person in the person's capacity as a personal representative.

Tex. Prob.Code Ann. § 5(d) (West 1998) (emphasis added). Because the statute clearly acknowledges that the district court has concurrent subject-matter jurisdiction to hear

Lowe's claims against Falderbaum, we overrule her first point of error.[2]

In her second point of error, Falderbaum argues that even if the district court had subject-matter jurisdiction, the court erred in failing to abate the proceeding and yield jurisdiction to the probate court, which Falderbaum argues had *dominant jurisdiction* to hear Lowe's claims.

Pendency of a prior suit between the same parties involving the same subject-matter must be seasonably pleaded by plea in abatement. *Day v. State,* 489 S.W.2d 368, 371 (Tex.Civ.App.—Austin 1972, writ ref'd n.r.e.). In the absence of such a plea, the objection is waived. *Id.* In the instant case, Falderbaum made her plea in abatement after a default judgment on the writ of garnishment had been rendered against her. Therefore, her plea in abatement came too late. *See Cleveland v. Ward,* 116 Tex. 1, 285 S.W. 1063, 1071–72 (1926) (final judgment by default in absence of seasonable pleading will be sustained).

Falderbaum attempted to challenge the court's jurisdiction nine days after the district court had already granted the default judgment. In that untimely answer, Falderbaum alleged that the probate court was the proper forum. Although Falderbaum had three options available to directly attack the judgment, she did nothing to challenge the district court's jurisdiction over the default judgment except to file her untimely answer. *See* Tex.R. Civ. P. 667.[3] She did not file a motion for new trial, for a restricted appeal, or a bill of review. *Jackson v. Van Winkle,* 660 S.W.2d 807, 808 (Tex.1983) (party may file for new trial within thirty days of judgment being entered); *General Elec. Co. v. Falcon Ridge Apartments, Joint Venture,* 811 S.W.2d 942, 943 (Tex.1991) (party may file restricted appeal within six

---

2. Moreover, at oral argument Falderbaum's counsel conceded that the district court did not lack subject-matter jurisdiction.

3. Texas Rule of Civil Procedure 667 states:
   If the garnishee fails to file an answer to the writ of garnishment *at or before the time directed in the writ,* it shall be lawful for the court, at any time after judgment shall have been rendered against the defendant, and on or after appearance day, to render judgment by default, as in other civil cases, against such garnishee for the full amount of such judgment against the defendant together with all interest and costs that may have accrued in the main case and also in the garnishment proceedings. The answer of the garnishee may be filed as in any other civil case at any time *before* such default judgment is rendered.
   Tex.R. Civ. P. 667 (emphasis added).

months of judgment being signed); *Steward v. Steward,* 734 S.W.2d 432, 434 (Tex.App.— Fort Worth 1987, no writ) (party may file for bill of review within four years of the final judgment being signed). Therefore, once the district court properly exercised its concurrent jurisdiction to issue the writ of garnishment, jurisdiction attached to hear all issues raised in the enforcement of the writ. *See Morrow v. Corbin,* 122 Tex. 553, 62 S.W.2d 641, 644 (1933) (jurisdiction not only includes authority to hear cases and enter judgments, but also power to carry such judgments into effect). Falderbaum cannot now claim that the district court lacks subject-matter jurisdiction *to enforce* the garnishment order when she failed to properly challenge the trial court's jurisdiction when the writ of garnishment was originally issued.

Furthermore, even if this Court were to ignore the untimely plea in abatement and consider the issue of whether the probate court had dominant jurisdiction to hear Lowe's claims, we believe the district court was not required to abate the proceedings. Texas Probate Code Section 5A states that:

> [w]here the jurisdiction of the statutory probate court is concurrent with that of the district court, any cause of action that is *appertaining to the estate or incident to the estate* shall be brought in the probate court.

Tex. Prob.Code Ann. § 5A (West 1998) (emphasis added). An action is "incident or appertaining" to an estate when the outcome will have a direct bearing on the assimilation, collection, and distribution of the decedent's estate. *See English v. Cobb,* 593 S.W.2d 674, 676 (Tex.1979).

While Falderbaum agrees that this case does not encompass the assimilation or collection of funds, she does assert that it pertains to the distribution of funds, namely those due to John Smetek. We disagree.

Lowe's pursuit of a writ of garnishment does not control how Falderbaum exercises her duties as administratrix of the estate. It does not control when or how to distribute funds, nor how much should be distributed. It is rather a judicial order specifying *where* the funds should be directed once the amount due to the beneficiaries of the estate has been determined. Simply put, once the probate court determines how much of the estate is due to John Smetek, the writ requires that Falderbaum pay that amount to Lowe, not Smetek.

Additionally, Falderbaum cannot argue that the distributions are incident to the estate when she intentionally circumvented all of the institutions and procedures that would have curtailed her unauthorized distribution. She avoided the probate court and defied her statutory and personal duties as the estate's representative when she made the $25,428.44 disbursement to Smetek. She cannot now seek refuge in these same rules and procedures to avoid enforcement of the default judgment. Thus, the default judgment and its subsequent enforcement action are not appertaining to nor incident to the estate. We hold that the district court exercised valid, concurrent jurisdiction. We overrule Falderbaum's second point of error.

### CONCLUSION

Having overruled Falderbaum's two points of error, we affirm the judgment of the district court.