FLINT V. JORDAN

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-021-CV

LYNETTE M. FLINT APPELLANTS

AND DEREK FLINT

V.

DORIS JORDAN, LAWRENCE APPELLEES

COLLISTER, BYRON BERRY, AND

HAYES, COFFEY, & BERRY, P.C.

------------

FROM THE 211TH DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellants Lynette and Derek Flint appeal the trial court’s granting of Appellees’ plea to the jurisdiction.  In three issues, Lynette and Derek argue that according to the Texas Probate Code
(footnote: 2) the district court properly had subject matter jurisdiction over their claims.  
See
 
Tex. Prob. Code Ann
. § 5 (Vernon 1999);
(footnote: 3) 
Tex. Prob. Code Ann
. § 5A (Vernon 1999).
(footnote: 4)  Alternatively, Lynette and Derek argue that the proper remedy is transfer to the probate court rather than dismissal and that the trial court erred by dismissing the case.

Background

Gerald Flint (Flint) died intestate in 1998, leaving two children, Lynette and Derek Flint.  Flint had married Doris Jordan a few weeks before his death.  Jordan is the administratrix of the Flint estate but  is not the natural mother of Lynette and Derek.  Appellee Lawrence Collister is Jordan’s attorney.  According to Lynette and Derek’s brief, Collister approached Derek after his father’s death about administering the estate.  Lynette and Derek also allege that Collister did not advise Derek that he represented Jordan or that there could be adverse interests between the parties.  Derek agreed to allow Collister to administer the estate, and Jordan and Collister initiated an estate administration in the 319th Probate Court of Denton County; thereafter, Jordan was appointed as independent administratrix.
(footnote: 5)  Appellee Byron Berry and the law firm of Hayes, Coffey, & Berry, P.C. represented Lynette and Derek in the administration of their father’s estate.  Lynette and Derek now contend that Jordan misspent, concealed, and wasted assets of the estate that should have gone to them.  They also allege that the attorneys in this matter, Collister and Berry, failed to see that a proper inventory was prepared and that assets of the estate were divided in accordance with the law.  Lynette and Derek have sued the attorneys and Jordan for negligence, deceptive trade practices, and breach of fiduciary duty.

Collister, Berry, and Hayes, Coffey, & Berry P.C. filed a plea to the jurisdiction claiming that the district court did not have jurisdiction over Lynette and Derek’s claims.  The district court granted the motion and signed a dismissal order on October 30, 2003.  This appeal followed.

Standard of Review

A plea to the jurisdiction is a dilatory plea, the purpose of which is to "defeat a cause of action without regard to whether the claims asserted have merit."  
Bland ISD v. Blue
, 34 S.W.3d 547, 554 (Tex. 2000).  The plea challenges the trial court's authority to determine the subject matter of a pleaded cause of action.  
City of Midland v. Sullivan
, 33 S.W.3d 1, 6 (Tex. App.—El Paso 2000, pet. dism'd w.o.j.); 
State v. Benavides
, 772 S.W.2d 271, 273 (Tex. App.—Corpus Christi 1989, writ denied).

We review a trial court's ruling on a plea to the jurisdiction under a de novo standard of review because subject matter jurisdiction is a question of law.  
City of Fort Worth v. Robles
, 51 S.W.3d 436, 439 (Tex. App.—Fort Worth 2001, pet. denied).  In determining whether jurisdiction exists, rather than looking at the claim's merits, we look to the allegations in the pleadings, accept them as true, and construe them in favor of the pleader.  
See County of Cameron v. Brown
, 80 S.W.3d 549, 555 (Tex. 2002); 
Met-Rx USA, Inc. v. Shipman, 
62 S.W.3d 807, 810 (Tex. App.—Waco 2001, pet. denied).  We may also consider evidence necessary to resolve the jurisdictional issues raised.  
See Brown
, 80 S.W.3d at 555

Issues on Appeal

In three issues, Lynette and Derek contend that the district court has jurisdiction over their 1) negligence claim against Berry and Hayes, Coffey, & Berry, P.C., 2) negligence, breach of fiduciary duty, and deceptive trade practices claims against Collister, and 3) negligence and breach of fiduciary duty claims against Jordan.

In Texas, there are overlapping grants of probate jurisdiction.  
See
 
Tex
. 
Const. 
art. V, § 8; 
Tex. Prob. Code Ann
. §§ 5(c), (e), 5A(b).  In counties where there is a statutory probate court, county court at law, or other statutory court exercising the jurisdiction of a probate court, all matters regarding probate and administrations shall be filed and heard in such courts rather than the district courts.  
Id
. § 5(c).  A statutory probate court has concurrent jurisdiction with the district court in all actions by or against a person in the person’s capacity as a personal representative.  
Id
. §§ 5(e), 5A(c)(1).

All statutory probate courts may, in the exercise of their jurisdiction, hear all suits, actions, and applications filed against or on behalf of any heirship proceeding or decedent’s estate, including estates administered by an independent executor.  
Id
. § 5(e).  All such suits, actions, and applications appertain to and are incident to an estate.  
Id
.  An action incident to an estate is one in which the outcome will have direct bearing on collecting, assimilating, or distributing the decedent’s estate.  
English v. Cobb
, 593 S.W.2d 674, 676 (Tex. 1979); 
Falderbaum v. Lowe
, 964 S.W.2d  744, 747 (Tex. App.—Austin 1998, no writ).  Suits incident to an estate include those seeking to recover possession of or collect damages for conversion of property.  
Lucik v. Taylor
, 596 S.W.2d 514, 516 (Tex. 1980).

Where the jurisdiction of a statutory probate court is concurrent with that of a district court, any cause of action incident to an estate shall be brought in a statutory probate court rather than in the district court.  
Tex. Prob. Code Ann
. §§ 5(c), 5A(b).  If an administration is already pending in one court that is properly exercising probate jurisdiction when a subsequent suit is filed in the district court, the jurisdiction of the original probate court is dominant, while the district court or any other court of concurrent jurisdiction has servient jurisdiction. 
 Bailey
 
v. Cherokee County Appraisal Dist
., 862 S.W.2d 581, 586 (Tex. 1993); 
Curtis
 
v. Gibbs
, 511 S.W.2d 263, 267 (Tex. 1974); 
see Carlisle v. Bennett
, 801 S.W.2d 589, 592 (Tex. App.—Corpus Christi 1990, no writ);
 Pullen v. Swanson
, 667 S.W.2d 359, 364 (Tex. App.—Houston [14th Dist.] 1984, writ ref’d n.r.e.) (holding that the last sentence in section 5A(b) is a statutory expression of a policy of judicial self-restraint that, once the jurisdiction of the statutory probate court has attached and is adequate to grant the requested relief, the district court should refrain from exercising its concurrent jurisdiction).  Upon timely filing of a plea in abatement or other appropriate motion, the district court or any other court having concurrent jurisdiction with the probate court must immediately relinquish its jurisdiction to the statutory probate court.  
First State Bank of Bedias v. Bishop
, 685 S.W.2d 732, 736 (Tex. App.—Houston [1st Dist.] 1985, writ ref’d n.r.e.); 
Pullen
, 667 S.W.2d at 363-64; 
see
 
Tarrant County Hosp. Dist. v. Jones
, 664 S.W.2d 191, 196 (Tex. App.—Fort Worth 1984, no writ).

Here Lynette and Derek seek an accounting of the estate by Appellees.  Specifically, their petition states, 

Due to the events that have taken place during the estate administration, the children now suspect that the original inventory was not complete and they seek a full accounting of the estate’s beginning and ending assets and liabilities as well as an accounting for all expenses and other disposition of estate assets.  They also seek restitution, damages, and recovery of their rightful inheritance from Doris Jordan, Larry Collister, Byron Berry, and Hayes, Coffey & Berry, P.C.

Lynette and Derek also seek relief against Appellees jointly and severally for negligence, breach of fiduciary duty, and deceptive trade practices due to circumstances surrounding the administration of Flint’s estate.  Lynette and Derek’s claims arise out of matters that are “incident or appertaining to” Flint’s estate because the outcome will have a direct bearing on the decedent’s estate.  
English
, 593 S.W.2d at 676; 
Falderbaum
, 964 S.W.2d at 747.

The Denton County District Court is a court of competent jurisdiction to hear claims relating to the Flint estate.  However, the Denton County Probate Court has dominant jurisdiction over the claims.  The claims arising out of this suit are “incident to” and “appertain to” Flint’s estate and should have been brought in the Probate Court of Denton County to the exclusion of the Denton County District Court.  We hold that the district court properly granted Appellees’ plea to the jurisdiction and properly relinquished its jurisdiction by dismissing for lack of subject matter jurisdiction.  Accordingly, we overrule Appellants’ three issues.

We decline to consider Lynette and Derek’s contention that transfer to the probate court rather than dismissal was the appropriate remedy because there was no motion to transfer before the district court.

Conclusion

Having overruled Appellants’ three issues, we affirm the trial court’s judgment.

PER CURIAM

PANEL B:  HOLMAN, DAUPHINOT, and GARDNER, JJ.

DELIVERED:  March 31, 2005

FOOTNOTES
1:
See 
Tex. R. App. P
. 47.4. 

2:
Some sections of the Code were amended by legislation effective September 1, 2003.  The 2003 amendments apply only to cases filed after September 1, 2003.  This case was filed and is governed by the former version  of the Texas Probate Code.  All references to the probate code in this opinion are to the former 1999 version.

3:
Act of April 4, 1955, 54th Leg., R.S., ch. 55, sec. 5, 1955 Tex. Gen. Laws 88, 91, 
amended by 
Act of May 14, 2001, 77th Leg., R.S., ch. 63, § 1,  2001 Tex. Gen. Laws 104, 105-06 (current version at 
Tex. Prob. Code Ann
. § 5 (Vernon Supp. 2004-05)).

4:
Act of June 13, 1979, 66th Leg., R.S., ch. 713, § 3, 1979 Tex. Gen. Laws 1740, 1741, 
amended by 
Act of May 10, 1999, 76th Leg., R.S., ch. 64, § 1, 1999 Tex. Gen. Laws 422, 422 (current version at 
Tex. Prob. Code Ann
. § 5A (Vernon Supp. 2004-05).

5:
That administration is currently pending. 
See In re Gerald Flint
, No. IA-98-319 (319th Prob. Ct., Denton County, Tex.).