COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-021-CV
 
 
LYNETTE 
M. FLINT                                                              APPELLANTS
AND 
DEREK FLINT
 
V.
  
DORIS 
JORDAN, LAWRENCE                                                   APPELLEES
COLLISTER, 
BYRON BERRY, AND
HAYES, 
COFFEY, & BERRY, P.C.
 
  
------------
 
FROM 
THE 211TH DISTRICT COURT OF DENTON COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellants 
Lynette and Derek Flint appeal the trial court’s granting of Appellees’ plea 
to the jurisdiction. In three issues, Lynette and Derek argue that according to 
the Texas Probate Code[2] the district court properly 
had subject matter jurisdiction over their claims.  See Tex. Prob. Code Ann. § 5 (Vernon 1999);[3] Tex. Prob. Code Ann. 
§ 5A (Vernon 1999).[4]  Alternatively, Lynette 
and Derek argue that the proper remedy is transfer to the probate court rather 
than dismissal and that the trial court erred by dismissing the case.
Background
        Gerald 
Flint (Flint) died intestate in 1998, leaving two children, Lynette and Derek 
Flint. Flint had married Doris Jordan a few weeks before his death. Jordan is 
the administratrix of the Flint estate but is not the natural mother of Lynette 
and Derek. Appellee Lawrence Collister is Jordan’s attorney. According to 
Lynette and Derek’s brief, Collister approached Derek after his father’s 
death about administering the estate. Lynette and Derek also allege that 
Collister did not advise Derek that he represented Jordan or that there could be 
adverse interests between the parties. Derek agreed to allow Collister to 
administer the estate, and Jordan and Collister initiated an estate 
administration in the 319th Probate Court of Denton County; thereafter, Jordan 
was appointed as independent administratrix.[5]  
Appellee Byron Berry and the law firm of Hayes, Coffey, & Berry, P.C. 
represented Lynette and Derek in the administration of their father’s estate. 
Lynette and Derek now contend that Jordan misspent, concealed, and wasted assets 
of the estate that should have gone to them. They also allege that the attorneys 
in this matter, Collister and Berry, failed to see that a proper inventory was 
prepared and that assets of the estate were divided in accordance with the law. 
Lynette and Derek have sued the attorneys and Jordan for negligence, deceptive 
trade practices, and breach of fiduciary duty.
        Collister, 
Berry, and Hayes, Coffey, & Berry P.C. filed a plea to the jurisdiction 
claiming that the district court did not have jurisdiction over Lynette and 
Derek’s claims. The district court granted the motion and signed a dismissal 
order on October 30, 2003. This appeal followed.
Standard of 
Review
        A 
plea to the jurisdiction is a dilatory plea, the purpose of which is to 
"defeat a cause of action without regard to whether the claims asserted 
have merit." Bland ISD v. Blue, 34 S.W.3d 547, 554 (Tex. 2000). The 
plea challenges the trial court's authority to determine the subject matter of a 
pleaded cause of action. City of Midland v. Sullivan, 33 S.W.3d 1, 6 
(Tex. App.—El Paso 2000, pet. dism'd w.o.j.); State v. Benavides, 772 
S.W.2d 271, 273 (Tex. App.—Corpus Christi 1989, writ denied).
        We 
review a trial court's ruling on a plea to the jurisdiction under a de novo 
standard of review because subject matter jurisdiction is a question of law. City 
of Fort Worth v. Robles, 51 S.W.3d 436, 439 (Tex. App.—Fort Worth 2001, 
pet. denied). In determining whether jurisdiction exists, rather than looking at 
the claim's merits, we look to the allegations in the pleadings, accept them as 
true, and construe them in favor of the pleader. See County of Cameron v. 
Brown, 80 S.W.3d 549, 555 (Tex. 2002); Met-Rx USA, Inc. v. Shipman, 
62 S.W.3d 807, 810 (Tex. App.—Waco 2001, pet. denied). We may also consider 
evidence necessary to resolve the jurisdictional issues raised. See Brown, 
80 S.W.3d at 555
Issues on 
Appeal
        In 
three issues, Lynette and Derek contend that the district court has jurisdiction 
over their 1) negligence claim against Berry and Hayes, Coffey, & Berry, 
P.C., 2) negligence, breach of fiduciary duty, and deceptive trade practices 
claims against Collister, and 3) negligence and breach of fiduciary duty claims 
against Jordan.
        In 
Texas, there are overlapping grants of probate jurisdiction. See Tex. Const. art. V, § 8; Tex. Prob. Code Ann. §§ 5(c), (e), 
5A(b). In counties where there is a statutory probate court, county court at 
law, or other statutory court exercising the jurisdiction of a probate court, 
all matters regarding probate and administrations shall be filed and heard in 
such courts rather than the district courts. Id. § 5(c). A statutory 
probate court has concurrent jurisdiction with the district court in all actions 
by or against a person in the person’s capacity as a personal representative. Id. 
§§ 5(e), 5A(c)(1).
        All 
statutory probate courts may, in the exercise of their jurisdiction, hear all 
suits, actions, and applications filed against or on behalf of any heirship 
proceeding or decedent’s estate, including estates administered by an 
independent executor.  Id. § 5(e).  All such suits, actions, 
and applications appertain to and are incident to an estate.  Id.  
An action incident to an estate is one in which the outcome will have direct 
bearing on collecting, assimilating, or distributing the decedent’s 
estate.  English v. Cobb, 593 S.W.2d 674, 676 (Tex. 1979); Falderbaum 
v. Lowe, 964 S.W.2d 744, 747 (Tex. App.—Austin 1998, no writ).  Suits 
incident to an estate include those seeking to recover possession of or collect 
damages for conversion of property. Lucik v. Taylor, 596 S.W.2d 514, 516 
(Tex. 1980).
        Where 
the jurisdiction of a statutory probate court is concurrent with that of a 
district court, any cause of action incident to an estate shall be brought in a 
statutory probate court rather than in the district court.  Tex. Prob. Code Ann. §§ 5(c), 
5A(b).  If an administration is already pending in one court that is 
properly exercising probate jurisdiction when a subsequent suit is filed in the 
district court, the jurisdiction of the original probate court is dominant, 
while the district court or any other court of concurrent jurisdiction has 
servient jurisdiction.  Bailey v. Cherokee County Appraisal Dist., 
862 S.W.2d 581, 586 (Tex. 1993); Curtis v. Gibbs, 511 S.W.2d 263, 
267 (Tex. 1974); see Carlisle v. Bennett, 801 S.W.2d 589, 592 (Tex. 
App.—Corpus Christi 1990, no writ); Pullen v. Swanson, 667 S.W.2d 359, 
364 (Tex. App.—Houston [14th Dist.] 1984, writ ref’d n.r.e.) (holding that 
the last sentence in section 5A(b) is a statutory expression of a policy of 
judicial self-restraint that, once the jurisdiction of the statutory probate 
court has attached and is adequate to grant the requested relief, the district 
court should refrain from exercising its concurrent jurisdiction).  Upon 
timely filing of a plea in abatement or other appropriate motion, the district 
court or any other court having concurrent jurisdiction with the probate court 
must immediately relinquish its jurisdiction to the statutory probate 
court.  First State Bank of Bedias v. Bishop, 685 S.W.2d 732, 736 
(Tex. App.—Houston [1st Dist.] 1985, writ ref’d n.r.e.); Pullen, 667 
S.W.2d at 363-64; see Tarrant County Hosp. Dist. v. Jones, 664 
S.W.2d 191, 196 (Tex. App.—Fort Worth 1984, no writ).
        Here 
Lynette and Derek seek an accounting of the estate by Appellees. Specifically, 
their petition states,
 
Due to the events that have taken place during the estate administration, the 
children now suspect that the original inventory was not complete and they seek 
a full accounting of the estate’s beginning and ending assets and liabilities 
as well as an accounting for all expenses and other disposition of estate 
assets.  They also seek restitution, damages, and recovery of their 
rightful inheritance from Doris Jordan, Larry Collister, Byron Berry, and Hayes, 
Coffey & Berry, P.C.
 
Lynette 
and Derek also seek relief against Appellees jointly and severally for 
negligence, breach of fiduciary duty, and deceptive trade practices due to 
circumstances surrounding the administration of Flint’s estate.  Lynette 
and Derek’s claims arise out of matters that are “incident or appertaining 
to” Flint’s estate because the outcome will have a direct bearing on the 
decedent’s estate.  English, 593 S.W.2d at 676; Falderbaum, 
964 S.W.2d at 747.
        The 
Denton County District Court is a court of competent jurisdiction to hear claims 
relating to the Flint estate.  However, the Denton County Probate Court has 
dominant jurisdiction over the claims.  The claims arising out of this suit 
are “incident to” and “appertain to” Flint’s estate and should have 
been brought in the Probate Court of Denton County to the exclusion of the 
Denton County District Court.  We hold that the district court properly 
granted Appellees’ plea to the jurisdiction and properly relinquished its 
jurisdiction by dismissing for lack of subject matter jurisdiction.  
Accordingly, we overrule Appellants’ three issues.
        We 
decline to consider Lynette and Derek’s contention that transfer to the 
probate court rather than dismissal was the appropriate remedy because there was 
no motion to transfer before the district court.
Conclusion
        Having 
overruled Appellants’ three issues, we affirm the trial court’s judgment.
 
  
                                                                  PER 
CURIAM
  
  
  
PANEL 
B: HOLMAN, DAUPHINOT, and GARDNER, JJ.
 
DELIVERED: 
March 31, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
Some sections of the Code were amended by legislation effective September 1, 
2003.  The 2003 amendments apply only to cases filed after September 1, 
2003.  This case was filed and is governed by the former version of the 
Texas Probate Code.  All references to the probate code in this opinion are 
to the former 1999 version.
3.  
Act of April 4, 1955, 54th Leg., R.S., ch. 55, sec. 5, 1955 Tex. Gen. Laws 88, 
91, amended by Act of May 14, 2001, 77th Leg., R.S., ch. 63, § 1, 2001 
Tex. Gen. Laws 104, 105-06 (current version at Tex. Prob. Code Ann. § 5 (Vernon Supp. 
2004-05)).
4.  
Act of June 13, 1979, 66th Leg., R.S., ch. 713, § 3, 1979 Tex. Gen. Laws 1740, 
1741, amended by Act of May 10, 1999, 76th Leg., R.S., ch. 64, § 1, 1999 
Tex. Gen. Laws 422, 422 (current version at Tex. Prob. Code Ann. § 5A (Vernon Supp. 
2004-05).
5.  
That administration is currently pending.  See In re Gerald Flint, 
No. IA-98-319 (319th Prob. Ct., Denton County, Tex.).