**Opinion issued June 27, 2013.**



In The

# Court of Appeals

For The

# First District of Texas

————————————

**NO. 01-13-00148-CV**

————————————

**IN RE CC&M GARZA RANCHES LTD. PARTNERSHIP, RELATOR**

**Original Proceeding on Petition for Writ of Mandamus**

**O P I N I O N**

Relator, CC&M Garza Ranches Limited Partnership, seeks mandamus relief

from the Harris County statutory probate court's February 12, 2013 order

transferring relator's Hidalgo County lawsuit to a guardianship proceeding pending in the Harris County statutory probate court, claiming that the trial court erred in signing the transfer order.[1] We deny the requested relief.

## Background

The underlying dispute concerns a family trust established in 1981 by María Cantu Garza's husband. The trust property consists mainly of a 2,598-acre ranch located in South Texas.[2] Following her husband's death, María became the trustee and the primary beneficiary of the trust "during her lifetime." The trust provides that if María became incapacitated, her son, Carmen Carlos Garza, Jr. and daughter, María Cimodocia "Cimo" Garcia, would serve as co-trustees.

In 2010, when María was 100 years old, Cimo assisted her mother in instituting a guardianship proceeding in Harris County Probate Court No. 3. The probate court found that María was incapacitated. Pending the guardian's appointment, Cimo intervened in the probate proceeding in the fall of 2011.[3] She sued Carmen and his wife, Delfina Jauregui Garza, for mismanagement of the trust

---

[1]  The underlying case is *In the Interest of Guardianship of Maria Cantu Garza, Ward*, No. 398977, in Probate Court No. 3 of Harris County, Texas, the Honorable Rory Olsen, presiding.

[2]  The ranch spans across parts of Hidalgo County, Willacy County, and Kenedy County.

[3]  The court later appointed María's grandson, Carlos Lino Garza, to serve as the guardian of her estate.

assets, asserting causes of action for fraud, conversion, breach of fiduciary duty, and negligence. The suit alleges, among other things, that Carmen and Delfina wrongfully transferred property from the trust into "a series of purported business entities," including CC&M.

Carmen died in early 2012, leaving Cimo as sole trustee of the family trust. Carmen's will named Delfina as the executrix of his estate. Acting on behalf of CC&M and Carmen's estate, Delfina sued María's guardian in Hidalgo County, seeking a declaratory judgment that María had contributed the bulk of the trust's South Texas ranch property to CC&M pursuant to the partnership agreement and an order compelling María or her guardian to sign the corresponding deeds.

The guardian and trustee moved to transfer the Hidalgo County suit to the probate court. In its order granting the motion, the probate court found that the Hidalgo County suit:

- is a claim brought against a guardianship estate proceeding pending before it;

- is an action for the right and title to real property that is part of guardianship estate property;

- relates to claims first filed in the probate court;

- names the guardian as a party; and

- Delfina, as executrix, had submitted to the probate court's venue.

3

Based on these findings, the probate court concluded that it had jurisdiction over the Hidalgo County suit and ordered its transfer.

**Discussion**

## I. *Standard of review*

Mandamus relief is an appropriate remedy to enforce a mandatory venue provision when the trial court has erroneously ruled on a motion to transfer venue. *In re Cont'l Airlines, Inc.*, 988 S.W.2d 733, 735 (Tex. 1998) (orig. proceeding); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 15.0642 (West 2002). "[T]he standard for reviewing mandatory venue under Section 15.0642 is whether the trial court abused its discretion." *Cont'l Airlines*, 988 S.W.2d at 735. "[A] clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion . . . ." *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding).

## II. *Analysis*

CC&M contends that the probate court abused its discretion in granting the motion to transfer the Hidalgo County suit into the guardianship proceeding. CC&M relies on section 15.011 of the Texas Civil Practice and Remedies Code, which provides:

> Actions for the recovery of real property or an estate or interest in real property, for partition of real property, to remove encumbrances from the title to real property, for recovery of damages to real property, or to quiet title to real property shall be brought in the county in which all or a part of the property is located.

TEX. CIV. PRAC. & REM. CODE ANN. § 15.011 (West 2002). CC&M claims that, because the suit is a dispute about the ownership of property that lies, in part, in Hidalgo County, venue is mandatory in Hidalgo County.

The question of venue presupposes that more than one court could exercise jurisdiction over the case. *See Subaru of Am. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 220 (Tex. 2002) (explaining that jurisdictional statutes speak to the court's power to hear case). The probate court is a statutory probate court. *See* TEX. GOV'T CODE ANN. § 25.1031(c)(3) (West 2001). Section 607D of the Probate Code confers on a statutory probate court "exclusive jurisdiction of all guardianship proceedings." TEX. PROB. CODE ANN. § 607D (West 2011). Thus, "[a] cause of action related to a guardianship proceeding of which the statutory probate court has exclusive jurisdiction . . . must be brought in the statutory probate court . . . ." *Id.*

Claims "related to" a guardianship proceeding include:

- a suit, action, or application filed against or on behalf of a guardianship;

- a cause of action in which a guardian in a guardianship pending in the statutory probate court is a party;

- a claim brought by or against a guardianship estate;

- an action for trial of title to real property that is guardianship estate property, including the enforcement of a lien against the property; and

- an action for trial of the right of property that is guardianship estate property.

*See* TEX. PROB. CODE ANN. § 606A(b).  CC&M does not assail the trial court's findings that the Hidalgo County suit, as a claim brought against a guardianship estate and an action for trial of title to real property held by the guardianship estate, is related to the guardianship proceeding.  *See* TEX. PROB. CODE ANN. § 606A(a)(3), (4) 606A(b).  "[W]hen one court has . . . exclusive jurisdiction over a matter, any order or judgment issued by another court pertaining to the same matter is void." *Celestine v. Tex. Dep't of Family & Protective Servs.*, 321 S.W.3d 222, 230 (Tex. App.—Houston [1st Dist.] 2010, no pet.).  By giving the statutory probate court exclusive jurisdiction over all claims related to a guardianship proceeding, the Legislature necessarily deprived all other courts of the power to adjudicate those claims.  As the only court with the power to decide the matter, the statutory probate court properly ordered the Hidalgo County case transferred into the guardianship proceeding.

**Conclusion**

We hold that the probate court did not err in granting the guardian's motion to transfer venue pursuant to section 607D of the Probate Code. Accordingly, we deny CC&M's petition for writ of mandamus.

Jane Bland
Justice

Panel consists of Justices Jennings, Bland, and Massengale.