**Opinion issued August 18, 2015**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-13-01091-CV

————————————

**JUDITH KING, INDIVIDUALLY AND AS INDEPENDENT EXECUTOR OF THE ESTATE OF KENNETH KING, Appellants**

**V.**

**DEUTSCHE BANK NATIONAL TRUST COMPANY, AS INDENTURE TRUSTEE, ON BEHALF OF THE OWNERS OF ACCREDITED MORTGAGE LOAN TRUST 2004-4 ASSET BACKED NOTES, BY ITS ATTORNEY-IN-FACT AND SERVICER-IN-FACT, SELECT PORTFOLIO SERVICING, INC., Appellee**

---

**On Appeal from the 281st District Court**
**Harris County, Texas**
**Trial Court Case No. 2012-36457**

---

## O P I N I O N

This appeal arises from a dispute between Judith King, individually and as

executor of the estate of Kenneth King, and Deutsche Bank National Trust

Company regarding foreclosure of a home equity lien on the Kings' property. King sued Deutsche Bank in the district court, contesting its right to foreclose, and Deutsche Bank counterclaimed for foreclosure. Both parties filed summary-judgment motions, and the trial court denied King's and granted Deutsche Bank's. On appeal, King contends that the trial court lacked jurisdiction over Deutsche Bank's counterclaim and therefore the summary judgment order is void. We agree, vacate the judgment of the trial court, and render judgment dismissing the case for want of subject-matter jurisdiction.

## Background

In June 2012, Judith King, individually and as executor of the estate of Kenneth King, sued Deutsche Bank in the district court, contesting Deutsche Bank's application for foreclosure in an earlier-filed case in the same court. In her petition, King asserted that she had filed a plea in abatement in that earlier case and requested that the foreclosure application be transferred to Harris County Probate Court No. 3. Deutsche Bank responded to the petition and counterclaimed for foreclosure against King.

A year later, Deutsche Bank moved for summary judgment on King's claims and for summary judgment on its affirmative claim for foreclosure. It argued that it was entitled to foreclosure, that King's petition did not state an affirmative claim against it, and that King had no evidence to support any claims she alleged. King

2

did not file a response to the motion, and instead filed her own motion for summary judgment. She argued that Deutsche Bank was not properly appointed as a substitute trustee in the deed of trust, and therefore any foreclosure sale was void. She did not raise the issue of jurisdiction.

The trial court denied King's motion, granted Deutsche Bank's motion, rendered judgment in Deutsche Bank's favor on its foreclosure claim, and rendered judgment that King take nothing.

## Discussion

In her first and second issues, King contends that the trial court lacked subject-matter jurisdiction over the case because Harris County Probate Court No. 3 had (1) dominant jurisdiction and (2) exclusive jurisdiction over Deutsche Bank's counterclaim. In her third issue, she argues that because the trial court lacked subject-matter jurisdiction, its judgment is void.

In response, Deutsche Bank argues that King has not proved the existence of a statutory probate court proceeding in Harris County Probate Court No. 3. Deutsche Bank also argues that even if such a proceeding exists, the statutory probate court does not have exclusive jurisdiction over its counterclaim, and to the extent that the probate court has dominant jurisdiction, King waived her complaint by failing to file a plea in abatement. Finally, Deutsche Bank argues that King has waived her jurisdictional arguments by raising them for the first time on appeal and

3

that King should be estopped from challenging jurisdiction because she chose to file her suit against Deutsche Bank in the district court.

## A. Standard of Review and Law on Jurisdiction

Whether a trial court has subject-matter jurisdiction is a question of law that we review de novo. *Tex. Natural Res. Conservation Comm'n v. IT Davy*, 74 S.W.3d 849, 855 (Tex. 2002). "Subject-matter jurisdiction is 'essential to a court's power to decide a case.'" *City of Houston v. Rhule*, 417 S.W.3d 440, 442 (Tex. 2013) (per curiam) (quoting *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 553–54 (Tex. 2000)). Subject-matter jurisdiction is never presumed, and cannot be waived or conferred by consent, waiver, estoppel, or agreement. *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 75 (Tex. 2000).

"Without jurisdiction the court cannot proceed at all in any cause; it may not assume jurisdiction for the purpose of deciding the merits of the case." *Fin. Comm'n of Tex. v. Norwood*, 418 S.W.3d 566, 578 (Tex. 2013) (quoting *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431, 127 S. Ct. 1184, 1191 (2007)). "The failure of a jurisdictional requirement deprives the court of the power to act (other than to determine that it has no jurisdiction), and ever to have acted, as a matter of law." *City of DeSoto v. White*, 288 S.W.3d 389, 393 (Tex. 2009) (quoting *Univ. of Tex. Sw. Med. Ctr. v. Loutzenhiser*, 140 S.W.3d 351, 359 (Tex. 2004)). Thus, "[a] judgment is void if rendered by a court without

4

subject-matter jurisdiction." *In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 309 (Tex. 2010) (orig. proceeding).

"[S]ubject-matter jurisdiction [may] 'be raised for the first time on appeal by the parties or by the court.'" *Id.* at 306 (quoting *Loutzenhiser*, 140 S.W.3d at 358). Indeed, "a court is *obliged* to ascertain that subject-matter jurisdiction exists regardless of whether the parties questioned it." *Id.* (emphasis in original); *City of Allen v. Pub. Util. Comm'n of Tex.*, 161 S.W.3d 195, 199 (Tex. App.—Austin 2005, no pet.) ("[T]he question of jurisdiction is fundamental and can be raised at any time in the trial of a case or on appeal.").

"'[W]hen one court has . . . exclusive jurisdiction over a matter, any order or judgment issued by another court pertaining to the same matter is void.'" *In re CC & M Garza Ranches Ltd. P'ship*, 409 S.W.3d 106, 109 (Tex. App.—Houston [1st Dist.] 2013, orig. proceeding) (quoting *Celestine v. Dep't of Family & Protective Servs.*, 321 S.W.3d 222, 230 (Tex. App.—Houston [1st Dist.] 2010, no pet.)). However, when the jurisdiction of two courts is concurrent, "the issue is one of dominant jurisdiction." *In re Puig*, 351 S.W.3d 301, 305 (Tex. 2011). As a general rule, when cases involving the same subject matter and same parties are brought in different courts, the court with the first-filed case has dominant jurisdiction, and the other case should be abated. *See Wyatt v. Shaw Plumbing Co.*, 760 S.W.2d 245, 248 (Tex. 1988); *see also Perry v. Del Rio*, 66 S.W.3d 239, 252

(Tex. 2001). To contest a court's lack of dominant jurisdiction requires the filing of a plea in abatement. *See In re Puig*, 351 S.W.3d at 306.

## B. Analysis

Section 32.005(a) of the Estates Code provides:

> In a county in which there is a statutory probate court, the statutory probate court has exclusive jurisdiction of all probate proceedings, regardless of whether contested or uncontested. A cause of action related to the probate proceeding must be brought in a statutory probate court unless the jurisdiction of the statutory probate court is concurrent with the jurisdiction of a district court as provided by Section 32.007 or with the jurisdiction of any other court.

TEX. EST. CODE ANN. § 32.005(a) (West 2014).[1] In a county in which there is a statutory probate court, a cause of action "related to [the] probate proceeding" includes, among other things, "an action brought against a personal representative in the representative's capacity as a personal representative" and "an action [to] enforce[] a lien against [estate property]." *See* TEX. EST. CODE ANN. § 31.002(a)(4), (5) (West 2014) (defining "matters related to a probate proceeding"). "[A] claim brought by a personal representative on behalf of an estate" is also a claim "related to [a] probate proceeding." *See id.* § 31.002(a)(3), (c)(1) (West 2014).

---

[1] The Texas Probate Code has been amended and recodified since the underlying lawsuit was filed. *See* Act of May 9, 2013, 83rd Leg., R.S., ch. 161, art. 6, 2013 Tex. Gen. Laws 623, 633–57. However, the text of the applicable statutes was not substantively changed. *See id.* For ease of reference, we will cite to the new Texas Estates Code, which became effective January 1, 2014.

6

Section 32.007 provides that a statutory probate court has concurrent jurisdiction with a district court over several types of actions:

(1) a personal injury, survival, or wrongful death action by or against a person in the person's capacity as a personal representative;

(2) an action by or against a trustee;

(3) an action involving an inter vivos trust, testamentary trust, or charitable trust, including a charitable trust as defined by Section 123.001, Property Code;

(4) an action involving a personal representative of an estate in which each other party aligned with the personal representative is not an interested person in that estate;

(5) an action against an agent or former agent under a power of attorney arising out of the agent's performance of the duties of an agent; and

(6) an action to determine the validity of a power of attorney or to determine an agent's rights, powers, or duties under a power of attorney.

*Id.* § 32.007 (West 2014).

### 1. Did King waive her jurisdictional arguments or is she estopped from raising them?

Before we address King's contention that the trial court lacked jurisdiction to enter summary judgment in favor of Deutsche Bank, we address two threshold matters raised by Deutsche Bank.

First, Deutsche Bank argues that King has waived her jurisdictional arguments by failing to file a plea in abatement or otherwise adduce evidence in

the trial court that a probate proceeding exists. Section 32.005(a) requires the existence of a probate proceeding in order for a probate court to have jurisdiction over related actions. *See* TEX. EST. CODE ANN. § 32.005(a). Deutsche Bank argues that there is no record evidence supporting King's claim that a probate proceeding exists in Harris County Probate Court No. 3, and therefore we cannot consider whether that court has exclusive jurisdiction over its counterclaim.

Deutsche Bank identified one of its counter-defendants as "Judith King, as Independent Executor of the Estate of Kenneth King." *See* TEX. EST. CODE ANN. § 22.017 (West 2014) ("'Independent executor' means the personal representative of an estate under independent administration as provided" by the Estates Code.). Deutsche Bank also represented to the trial court in its motion for summary judgment that (1) Kenneth King passed away "on or about October 2, 2010," (2) "Judith King filed an Application to Probate Will and Issuance of Letters Testamentary on or about February 20, 2011 in the Harris County Probate Court at Law No. Three under Cause No. 402647," and (3) "the probate court issued letters testamentary on April 13, 2011 and Judith King was named as the independent executor." Although a party's representations in a motion do not constitute evidence, we conclude that these representations constitute judicial admissions regarding the existence of the probate proceeding. *See Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 568 (Tex. 2001) (holding that party made

8

judicial admission in summary-judgment response and counter-motion for summary judgment). Accordingly, we conclude that Deutsche Bank is estopped from asserting there is no existing probate proceeding because of its judicial admissions to the contrary.

Second, Deutsche Bank contends that King waived her jurisdictional arguments and is estopped from challenging jurisdiction because she elected to sue in district court. Deutsche Bank relies upon *Hiles v. Arnie & Co., P.C.*, 402 S.W.3d 820 (Tex. App.—Houston [14th Dist.] 2013, pet. denied), and *Howell v. Mauzy*, 899 S.W.2d 690 (Tex. App.—Austin 1994, writ denied), to support its contention that King should be estopped from contesting jurisdiction because she affirmatively represented to the district court that it had jurisdiction. But *Hiles* and *Howell* are both dominant jurisdiction cases. *See Hiles*, 402 S.W.3d at 825 (noting abatement based on dominant jurisdiction is based on principles of comity, convenience, and necessity for an orderly proceeding); *Gordon v. Jones*, 196 S.W.3d 376, (Tex. App.—Houston [1st Dist.] 2006, no pet.) (noting doctrine of dominant jurisdiction pertains to venue, not subject-matter jurisdiction). And unlike subject-matter jurisdiction, which is at issue here, dominant jurisdiction may be waived if not timely asserted. *See Hiles*, 402 S.W.3d at 826; *Howell*, 899 S.W.2d at 698. Likewise, a party may be estopped from asserting dominant jurisdiction by its inequitable conduct. *See Hiles*, 402 S.W.3d at 825; *Howell*, 899

9

S.W.2d at 698.  By contrast, subject-matter jurisdiction, which is at issue here, may be raised for the first time on appeal, and cannot be waived or conferred by consent, waiver, estoppel, or agreement.  *See Dubai Petroleum Co.*, 12 S.W.3d at 75.  Thus, King may neither waive nor be estopped from challenging subject-matter jurisdiction.  *See id.*

## 2. Does the trial court lack subject-matter jurisdiction over the parties' claims?

We conclude that the statutory probate court has exclusive jurisdiction over the parties' claims and that the trial court therefore lacked jurisdiction to adjudicate the case.  The first sentence in Section 32.005(a) of the Estates Code confers upon the statutory probate court "exclusive jurisdiction of all probate proceedings." TEX. EST. CODE ANN. § 32.005(a).  The following sentence provides that "[a] cause of action related to the probate proceeding must be brought in a statutory probate court unless the jurisdiction of the statutory probate court is concurrent with the jurisdiction of a district court as provided by Section 32.007 or with the jurisdiction of any other court."  *Id.*  Deutsche Bank's counterclaim is a matter "related to a probate proceeding," because it is "an action [to] enforce[] a lien against [estate property], and King's claims are "related to a probate proceeding" because they are "claim[s] brought by a personal representative on behalf of an estate."  *See id.* § 31.002(a)(3), (4), (5), (c)(1).  And the action is not among those

10

enumerated in Section 32.007 for which district and probate courts have concurrent jurisdiction. *See id.* § 32.007.

This Court has held that nearly identical language in the Estates Code pertaining to guardianship proceedings is jurisdictional and confers exclusive jurisdiction on statutory probate courts over actions related to guardianship proceedings. In *In re CC & M Garza Ranches Limited Partnership*, 409 S.W.3d 106 (Tex. App.—Houston [1st Dist.] 2013, orig. proceeding), we considered Section 607D of the Probate Code, now Section 1022.005 of the Estates Code, which provides:

> (a) In a county in which there is a statutory probate court, the statutory probate court has exclusive jurisdiction of all guardianship proceedings, regardless of whether contested or uncontested.
>
> (b) A cause of action related to a guardianship proceeding of which the statutory probate court has exclusive jurisdiction as provided by Subsection (a) must be brought in the statutory probate court unless the jurisdiction of the statutory probate court is concurrent with the jurisdiction of a district court as provided by Section 1022.006 or with the jurisdiction of any other court.

TEX. EST. CODE ANN. § 1022.005 (West 2014); *see In re CC & M Garza Ranches Ltd. P'ship*, 409 S.W.3d at 109.

We held that this language vested the statutory probate court with exclusive jurisdiction over claims that the statute defined as matters "related to a guardianship proceeding." *In re CC & M Garza Ranches Ltd. P'ship*, 409 S.W.3d at 109; *see* TEX. EST. CODE ANN. § 1021.001 (West 2014). We concluded that

11

"[b]y giving the statutory probate court exclusive jurisdiction over all claims related to a guardianship proceeding, the Legislature necessarily deprived all other courts of the power to adjudicate those claims." *In re CC & M Garza Ranches Ltd. P'ship*, 409 S.W.3d at 109. Thus, only the statutory probate court had the power to decide such claims, and an order or judgment issued by another court pertaining to those claims would be void. *See id.*

The provision of the Estates Code at issue in *In re CC & M Garza Ranches Limited Partnership* is virtually identical to the provision at issue here. Following the rationale in *In re CC & M Garza Ranches Limited Partnership*, we hold that Section 32.005(a) of the Estates Code likewise confers the statutory probate court with exclusive jurisdiction over the case.

Deutsche Bank contends that Section 32.005(a)'s requirement that a cause of action related to a probate proceeding "must be brought in a statutory probate court" suggests only dominant, and not exclusive, jurisdiction. But as Deutsche Bank acknowledges in its brief, the only case that Deutsche Bank cites to support this proposition predates the "exclusive jurisdiction" language the Legislature added to the Probate Code (now Estates Code) in 2009.[2] *See First State Bank of*

---

[2] *Bishop* involved a suit on a claim rejected by a personal representative. When *Bishop* was decided, Section 313 of the Probate Code permitted suits on a claim rejected by a personal representative to be filed "in the court of original probate jurisdiction 'or in any other court of proper jurisdiction.'" *First State Bank of Bedias v. Bishop*, 685 S.W.2d 732, 736 (Tex. App.—Houston [1st Dist.] 1985,

*Bedias v. Bishop*, 685 S.W.2d 732, 736 (Tex. App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.) (construing previous version of statute, which explicitly permitted suit in question to be filed in probate court or any court of proper jurisdiction, and holding that probate court had dominant, and not exclusive, jurisdiction over claims).

Deutsche Bank also relies upon *Helena Chemical Company v. Wilkins*, 47 S.W.3d 486 (Tex. 2001), to argue that the use of the phrase "must be brought" in the second sentence of Section 32.005(a) is not jurisdictional or at most suggests dominant, and not exclusive, jurisdiction. In *Helena*, the Texas Supreme Court observed that "the word 'must' is given a mandatory meaning when followed by a noncompliance penalty." *Id.* at 493 (quoting *Harris Cnty. Appraisal Dist. v. Consol. Capital Props. IV*, 795 S.W.2d 39, 41 (Tex. App.—Amarillo 1990, writ denied)). Deutsche Bank reasons that, because the Estates Code does not state a penalty, "must be brought" in this context is not mandatory. Deutsche Bank also points out that the Supreme Court has "held language that appears to impose a

---

writ ref'd n.r.e.). The current version of that section, Section 355.064, permits a suit on a rejected claim to be filed only "in the court of original probate jurisdiction in which the estate is pending." Tex. Est. Code Ann. § 355.064(a) (West 2014). And before the 2009 amendments, the Probate Code did not use the term "exclusive jurisdiction," providing only that "all applications, petitions and motions regarding probate [and] administrations . . . shall be filed and heard in [statutory probate] courts" and that matters "appertaining to estates" or "incident to an estate" shall be brought in those courts. *See* Act of May 28, 2003, 78th Leg., R.S., ch. 1060, §§ 1–4, 2003 Tex. Gen. Laws 3052, 3052–3054 (former Tex. Prob. Code Ann. §§ 5A(b), 5(c)).

mandatory duty to be only directory when this interpretation is most consistent with the Legislature's intent" and that "[e]ven if a statutory requirement is mandatory, this does not mean that compliance is necessarily jurisdictional." *Id.* at 493. Deutsche Bank argues that, because the Estates Code does not say "the statutory probate court has exclusive jurisdiction of all probate proceedings and all causes of action related to the probate proceeding," we must conclude that the Legislature did not intend to give the statutory probate court exclusive jurisdiction over any causes of action related to a probate proceeding.

But *Helena* does not state that use of the word "must" may *only* be mandatory or jurisdictional when followed by a noncompliance penalty; instead, it directs that "[w]hen a statute is silent about the consequences of noncompliance, we look to the statute's purpose to determine the proper consequences." *Id.* at 494. As we have already noted, this Court held in *In re CC & M Garza Ranches Limited Partnership* that the purpose of a virtually identical provision of the Estates Code was to confer exclusive jurisdiction on the statutory probate court. 409 S.W.3d at 109. Deutsche Bank argues that such a reading is unreasonable, but does not address the fact that we would be required to overturn our precedent in order to so hold. *See Helena Chem. Co.*, 47 S.W.3d at 493 (appellate court "must presume that the Legislature intends an entire statute to be effective and that a just and reasonable result is intended"). And we disagree that the statute cannot reasonably

14

be read to vest exclusive jurisdiction in the statutory probate court—the second sentence of Section 32.005(a) may reasonably be understood to mean that jurisdiction is vested exclusively in the probate court if the claim in question is not identified in Section 32.007 as a claim for which concurrent jurisdiction exists. Accordingly, we follow *In re CC & M Garza Ranches Limited Partnership* and conclude that the statute confers on statutory probate courts exclusive jurisdiction over causes of action related to a probate proceeding unless Section 32.007 provides that the action is subject to concurrent jurisdiction in a district court or with the jurisdiction of any other court. *See In re CC & M Garza Ranches Ltd. P'ship*, 409 S.W.3d at 109.

Deutsche Bank contends that our construction of the statute renders Section 34.001 of the Estates Code meaningless. Section 34.001 provides, in part:

> A judge of a statutory probate court, on the motion of a party to the action or on the motion of a person interested in an estate, may transfer to the judge's court from a district, county, or statutory court a cause of action related to a probate proceeding pending in the statutory probate court or a cause of action in which a personal representative of an estate pending in the statutory probate court is a party . . . .

TEX. EST. CODE ANN. § 34.001(a) (West 2014). Deutsche Bank argues that a district, county, or other statutory court would never have occasion to transfer causes of action related to probate proceedings if the probate court had exclusive jurisdiction over them.

15

We disagree. Our construction of Section 32.005(a) recognizes that the Estates Code provides for concurrent jurisdiction over *some* causes of action related to a probate proceeding. Specifically, the statutory probate court has concurrent jurisdiction with district courts in actions enumerated in Section 32.007. TEX. EST. CODE ANN. § 32.005(a). Far from rendering Section 34.001 meaningless, our construction of Section 32.005(a) gives effect to Section 34.001 by recognizing that its function is to grant the statutory probate court discretion to transfer to itself actions identified in Section 32.007 that may properly be heard in another court with concurrent jurisdiction.

Because the statutory probate court has exclusive jurisdiction over the parties' claims, we hold that the trial court lacked subject-matter jurisdiction over the case. *See In re CC & M Garza Ranches Ltd. P'ship*, 409 S.W.3d at 109. Consequently, the summary judgment rendered in Deutsche Bank's favor is void. *See In re United Servs. Auto. Ass'n*, 307 S.W.3d at 309 ("A judgment is void if rendered by a court without subject-matter jurisdiction."); *In re CC & M Garza Ranches Ltd. P'ship*, 409 S.W.3d at 109 (judgment rendered by district court when statutory probate court had exclusive jurisdiction over related actions would be void).

We sustain King's second and third issues. Because King's first issue would not entitle her to any relief greater than we are already granting, we do not reach her first issue. *See* TEX. R. APP. P. 47.1.

## Conclusion

We vacate the trial court's judgment and render judgment dismissing the case for want of subject-matter jurisdiction. All pending motions are dismissed as moot.


Rebeca Huddle
Justice

Panel consists of Justices Jennings, Higley, and Huddle.