Opinion issued March 15, 2018



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-16-01005-CV

————————————

**TERRY HOLCOMB, SR., Appellant**

**V.**

**WALLER COUNTY, TEXAS, Appellee**

On Appeal from the 506th District Court
Waller County, Texas
Trial Court Case No. 16-07-23803

## CONCURRING AND DISSENTING OPINION

I concur in the portion of the judgment of this Court holding that the trial court lacked subject-matter jurisdiction to hear the declaratory-judgment action brought by appellee, Waller County, Texas ("Waller County"), and reversing the trial court's order granting summary judgment in Waller County's favor. I respectfully dissent

from the portion of the judgment of this Court "remand[ing] the case to the [trial] court with instructions to dismiss [Waller] County's suit for lack of subject-matter jurisdiction after holding further proceedings for the . . . purpose of awarding [appellant, Terry Holcomb, Sr.,] court costs, reasonable attorney's fees, other expenses incurred in defending against the action as are equitable and just, and any other relief available under the [Texas] Citizens Participation Act" ("TCPA"). *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.001–.011 (Vernon 2015).

In his second issue, Holcomb argues that the trial court erred in denying his plea to the jurisdiction and granting Waller County's summary-judgment motion because "[t]here is no justiciable controversy between Waller County and Holcomb," Waller County has sought "an impermissible advisory opinion," "[n]ot all parties are present in the []suit," and the Texas Attorney General "has [the] sole authority to enforce" Texas Government Code section 411.209(a).

In his first issue, Holcomb argues that the trial court erred in denying his motion to dismiss and for sanctions and attorney's fees under the TCPA because he "met[,] by a preponderance of the evidence[,] [his] initial burden of showing that Waller County's []suit against him constitutes a legal action based on, related to, or in response to[,] the exercise of the right of free speech or the right to petition" and Waller County did not "establish by clear and specific evidence a prima facie case for each essential element of [its] claim in question." Holcomb further requests that

2

this Court remand the instant case, pursuant to the TCPA, "with orders to the trial court to conduct a hearing on the issue of sanctions and attorney['s] fees."

The majority, in its opinion, correctly concludes, in regard to Holcomb's second issue, that the trial court lacked subject-matter jurisdiction over Waller County's declaratory-judgment action. And the majority properly holds that the trial court erred in denying Holcomb's plea to the jurisdiction on that ground and granting Waller County's summary-judgment motion. However, the majority then goes on to address Holcomb's first issue, further holding that the trial court erred in denying Holcomb's motion to dismiss and remanding the case to the trial court with instructions to "hold[] further proceedings for the . . . purpose of awarding Holcomb . . . court costs, reasonable attorney's fees, other expenses . . . as are equitable and just, and any other relief available under the [TCPA]." Because the issue of subject-matter jurisdiction is dispositive, the majority errs in addressing Holcomb's first issue, relating to the merits of the case, after concluding that the trial court lacked subject-matter jurisdiction over the case. *See* TEX. R. APP. P. 47.1.

In support of its remand to the trial court to address Holcomb's request for relief under the TCPA, the majority notes that a court "may impose sanctions when it lacks subject-matter jurisdiction," citing *Ollie v. Plano Indep. Sch. Dist.*, 383 S.W.3d 783 (Tex. App.—Dallas 2012, pet. denied) (concerning sanctions under section 11.161 of Texas Education Code for bringing frivolous, unreasonable, and

3

unfounded suit); *Thielemann v. Kethan*, 371 S.W.3d 286 (Tex. App.—Houston [1st Dist.] 2012, pet. denied) (concerning sanctions under Texas Rule of Civil Procedure 13). However, Holcomb, in the trial court, did not seek sanctions related to the filing of a frivolous or groundless lawsuit brought in bad faith or for the purpose of harassment. *See* TEX. R. CIV. P. 13; *see also* TEX. CIV. PRAC. & REM. CODE ANN. §§ 9.001–.014 (Vernon 2017) (frivolous pleadings and claims); *id.* §§ 10.001–.006 (Vernon 2017) (sanctions for frivolous pleadings and motions). Rather, he sought relief on the merits under the TCPA.

A motion to dismiss under the TCPA tests the potential merits of claims implicating free-expression rights at the outset of a suit. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.003(a), 27.005(b)–(d); *Cavin v. Abbott*, No. 03-16-00395-CV, --- S.W.3d ---, 2017 WL 3044583, at *5 (Tex. App.—Austin July 14, 2017, no pet.). Thus, an order of dismissal under the TCPA is made with prejudice and is a judgment *on the merits*. *See Better Bus. Bureau of Metro. Hous., Inc. v. John Moore Servs., Inc.*, 500 S.W.3d 26, 40 (Tex. App.—Houston [1st Dist.] 2016, pet. denied); *James v. Calkins*, 446 S.W.3d 135, 150 (Tex. App.—Houston [1st Dist.] 2014, pet. denied). A court may award sanctions and fees against a plaintiff under the TCPA only in conjunction *with a dismissal on the merits*. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.009(a).

Jurisdictional defects, however, bar a court from ruling on the merits. Without jurisdiction, a court "cannot proceed at all in any cause" beyond the jurisdictional determination. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 118 S. Ct. 1003, 1012 (1998) (internal quotations omitted); *Fin. Comm'n of Tex. v. Norwood*, 418 S.W.3d 566, 578 (Tex. 2013) (same); *King v. Deutsche Bank Nat'l Tr. Co.*, 472 S.W.3d 848, 851 (Tex. App.—Houston [1st Dist.] 2015, no pet.) (same). In other words, "[t]he failure of a jurisdictional requirement deprives [a] court of the power to act (other than to determine that it has no jurisdiction), and ever to have acted, as a matter of law." *City of DeSoto v. White*, 288 S.W.3d 389, 393 (Tex. 2009) (internal quotations omitted); *King*, 472 S.W.3d at 851 (internal quotations omitted).

Subject-matter jurisdiction, therefore, is a threshold issue that a court must resolve before turning to the merits of a case. *See Zachry Constr. Corp. v. Port of Hous. Auth. of Harris Cty.*, 449 S.W.3d 98, 105 (Tex. 2014); *Williams v. Hous. Fireman's Relief & Retirement Fund*, 121 S.W.3d 415, 440 (Tex. App.—Houston [1st Dist.] 2003, no pet.). And if a trial court lacked subject-matter jurisdiction to hear a suit in the first instance, then an appellate court has no choice but to dismiss that suit. *See State v. Morales*, 869 S.W.2d 941, 949 (Tex. 1994); *Gordon v. Jones*, 196 S.W.3d 376, 382 (Tex. App.—Houston [1st Dist.] 2006, no pet.). A court without subject-matter jurisdiction simply cannot adjudicate a party's claims and enter a judgment on the merits. *Norwood*, 418 S.W.3d at 578; *Scarbrough v. Metro.*

*Transit Auth. of Harris Cty.*, 326 S.W.3d 324, 339 (Tex. App.—Houston [1st Dist.] 2010, pet. denied); *Lane v. Baxter Healthcare Corp.*, 905 S.W.2d 39, 42 (Tex. App.—Houston [1st Dist.] 1995, no writ).

Here, because the trial court lacked jurisdiction to hear Waller County's declaratory-judgment action, we are precluded from any consideration of Holcomb's motion to dismiss, concerning the merits of the case, and for sanctions and attorney's fees under the TCPA. In other words, we simply have no legitimate authority to grant Holcomb's request to reverse the denial of his motion to dismiss under the TCPA and remand this cause to the trial court with instructions to conduct a hearing related to an award of sanctions and attorney's fees.

Accordingly, I respectfully disagree with the majority's remanding of this case to the trial court with instructions to dismiss Waller County's declaratory-judgment action only after holding further proceedings for the purpose of awarding Holcomb court costs, reasonable attorney's fees, other expenses incurred in defending against the action, and any other relief available under the TCPA. I agree with the majority that trial court lacked subject-matter jurisdiction over Waller County's declaratory-judgment action and, thus, the trial court erred in denying Holcomb's plea to the jurisdiction on that ground and granting Waller County's summary-judgment motion.

Terry Jennings
Justice

Panel consists of Justices Jennings, Bland, and Brown.

Jennings, J., concurring in part and dissenting in part.