

## NUMBER 13-18-00058-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

GORDON DEAN HALEY AND ANTON
SCOTT HALEY, INDIVIDUALLY AND
AS INDEPENDENT CO-EXECUTORS OF
THE ESTATE OF MARGARET L. HALEY,                    Appellants,

v.

BENEFICIAL FINANCIAL I INC.,
SUCCESSOR BY MERGER
TO BENEFICIAL TEXAS, INC.,                    Appellee.

On appeal from the 94th District Court
of Nueces County, Texas.

## MEMORANDUM OPINION

Before Justices Benavides, Hinojosa, and Perkes
Memorandum Opinion by Justice Perkes

Proceeding pro se, appellants Gordon Dean Haley and Anton Scott Haley,

individually and as independent co-executors of the estate of Margaret L. Haley, appeal

from a summary judgment granted in favor of appellee Beneficial Financial I Inc., successor by merger to Beneficial Texas, Inc. (Beneficial), on Beneficial's suit for judicial foreclosure. In what we construe as three main issues, the Haleys argue on appeal that: (1) the trial court lacked subject-matter jurisdiction because there was a pending probate proceeding in county court; (2) Beneficial failed to conclusively establish its right to judicial foreclosure; and (3) the Haleys raised genuine issues of fact on their affirmative defenses under the Texas Constitution. We affirm.[1]

## I. BACKGROUND

On May 25, 2006, Bennie Spencer Haley and Margaret L. Haley obtained a home-equity loan secured by their homestead, commonly known as 4910 Lavaca Drive, Corpus Christi, Texas 78411 (the Property).[2] On October 8, 2006, Bennie died, and Margaret became the sole owner of the Property. When Margaret died in May 2011, the Haleys opened an independent administration of their mother's estate in Nueces County Court at Law No. 4. In September 2011, Margaret's last will and testament was admitted to probate and the Haleys were appointed as the independent co-executors. Under the will, the Haleys inherited the Property.

It is undisputed that the last payment on the note was made in June 2011, the month after Margaret died. In March 2015, Beneficial filed suit for judicial foreclosure in the

---

[1] All pending motions are hereby dismissed as moot.

[2] The Property's legal description is "Lot Three (3), Block Four (4), Margo Plaza, A Subdivision In The City Of Corpus Christi, Texas, According To The Map Or Plat Thereof, Recorded In Volume 29, Page 98, Map Records Of Nueces County, Texas."

district court.[3]   The Haleys, initially proceeding pro se, each filed an answer containing a general denial, specific denials, and affirmative defenses.   Anton's answer also included counterclaims for violations of the "State and Federal Truth in Lending Acts" and "State and Federal Fair Debt Collection Practices Act."

In August 2016, Beneficial moved for traditional summary judgment on its foreclosure claim and no-evidence summary judgment on Anton's counterclaims. According to Beneficial's live pleading filed eight months prior, the administration of Margaret's estate was still open at that time, and there is nothing in the record to indicate when or if it was closed.

The Haleys, represented by counsel at this point, filed a joint response to the combined motion for summary judgment arguing: (1) Beneficial lacked standing because it was not the owner of the note; (2) the copy of the promissory note produced by Beneficial was inadmissible because it was not the "original ink-signed paper promissory note;" (3) the affidavit by Beneficial's custodian of records was inadmissible because it was internally inconsistent and not based on personal knowledge; (4) as a result of the inadmissible affidavit, the attached business records were not properly authenticated; and (5) the business records were otherwise not admissible because they contained internal inconsistencies.   They subsequently filed a joint sur-response repeating these issues.

While the combined motion was pending,[4] and after they had filed their response

---

[3] The suit was originally filed in the 214th Judicial District Court, but it was later transferred to the 94th Judicial District Court under Nueces County Local Rules.

[4] Beneficial's combined motion was filed on August 30, 2016.   After being noticed for hearing several times, the motion was heard on October 23, 2017.

and sur-response, the Haleys filed joint first and second supplemental answers, attaching affidavits and other documents in support of their affirmative defenses under the Texas Constitution. The summary judgment hearing was held thirty-nine days after the Haleys filed their second supplemental answer. The trial court granted Beneficial's combined motions for summary judgment and this appeal ensued.[5]

## II. STANDARD OF REVIEW

A party moving for traditional summary judgment must establish there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). We review summary judgment de novo. *Rogers v. RREF II CB Acquisitions, LLC*, 533 S.W.3d 419, 425 (Tex. App.—Corpus Christi–Edinburg 2016, no pet.) (citing *Tex. Mun. Power Agency v. Pub. Util. Comm'n of Tex.*, 253 S.W.3d 184, 192 (Tex. 2007)). We take as true all evidence favorable to the non-movant, indulge every reasonable inference, and resolve any doubts in the non-movant's favor. *Id.* at 426 (citing *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002)).

## III. ANALYSIS

### A. The trial court's subject-matter jurisdiction

By their first issue, the Haleys contend for the first time on appeal that the trial court lacked subject-matter jurisdiction because the administration of Margaret's estate was pending in another court when Beneficial filed its foreclosure action. Unlike other issues discussed below, subject-matter jurisdiction may be raised for the first time on appeal. *Waco Indep. Sch. Dist. v. Gibson*, 22 S.W.3d 849, 850 (Tex. 2000) (citing *Tex. Ass'n of*

---

[5] Anton Haley did not appeal Beneficial's no-evidence summary judgment on his counterclaims.

4

*Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 445 (Tex. 1993)).

The Haleys rely on *King v. Deutsche Bank National Trust Co.* in which the First Court of Appeals held that a district court lacked subject-matter jurisdiction over a judicial foreclosure claim because a Harris County statutory probate court previously obtained exclusive jurisdiction over the claim. 472 S.W.3d 848, 856 (Tex. App.—Houston [1st Dist.] 2015, no pet.). The Haleys' reliance on *King* is misplaced. Unlike Harris County, Nueces County does not have a statutory probate court, only statutory county courts at law. *Compare* TEX. GOV'T CODE ANN. § 25.1031(c) *with* § 25.1801(a). Under the Texas Estates Code, a "statutory probate court has exclusive jurisdiction of all probate proceedings, regardless of whether contested or uncontested." TEX. EST. CODE ANN. § 32.005(a). On the other hand, "a county court at law in Nueces County has . . . concurrent jurisdiction with the district court in disputes ancillary to probate . . . [and] concurrent jurisdiction with the district court in all actions by or against a personal representative." TEX. GOV'T CODE ANN. § 25.1802(a)(2), (6).

"When the jurisdiction of a county court sitting in probate and a district court are concurrent, the issue is one of dominant jurisdiction." *In re Puig*, 351 S.W.3d 301, 305 (Tex. 2011) (per curiam) (citing *Wyatt v. Shaw Plumbing Co.*, 760 S.W.2d 245, 248 (Tex. 1988)). "As a general rule, when cases involving the same subject matter and same parties are brought in different courts, the court with the first-filed case has dominant jurisdiction, and the other case should be abated." *King*, 472 S.W.3d 848. at 852 (citing *Wyatt*, 760 S.W.2d at 248). However, the court without dominant jurisdiction is not deprived of subject-matter jurisdiction; the only remedy is a plea in abatement. *In re Puig*,

5

351 S.W.3d at 306.

Based on the record before us, it appears that Nueces County Court at Law No. 4 had dominant jurisdiction over Beneficial's judicial foreclosure claim; however, there is no indication in the record that the Haleys filed a plea in abatement in favor of the county court's dominant jurisdiction, and the Haleys have made no such argument on appeal. Instead, they generally challenge the district court's subject-matter jurisdiction. Because the county court's dominant jurisdiction did not deprive the district court of subject-matter jurisdiction, we overrule the Haleys' first issue. *See id.*

## B. Beneficial's right to judicial foreclosure

By their second issue, the Haleys contend that Beneficial failed to meet its summary judgment burden, repeating the same objections they made to Beneficial's evidence in the trial court. However, the Haleys failed to obtain a ruling from the trial court on any of their objections. They also failed to object to the trial court's refusal to rule on their objections. Therefore, to the extent the Haleys complain on appeal that the trial court abused its discretion by admitting Beneficial's evidence, those objections were not preserved for our review. *See* TEX. R. APP. P. 33.1(a)(2)(A), (B); *Seim v. Allstate Tex. Lloyds*, 551 S.W.3d 161, 166 (Tex. 2018) (holding that granting summary judgment alone does not constitute an implied ruling on an evidentiary objection).

Regardless, we must determine whether Beneficial met its summary judgment burden. *See* TEX. R. CIV. P. 166a(c); *see also City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979) ("Summary judgments must stand on their own merits, and the non-movant's failure to answer or respond cannot supply by default the summary judgment proof necessary to establish the movant's right."). After review, we conclude

6

that Beneficial's evidence—a declaration by Beneficial's custodian of records attesting to the default and unpaid balance, as well as authenticated copies of the note, mortgage, and notices of default and acceleration sent by certified mail—were competent summary judgment evidence routinely used to establish a plaintiff's right to judicial foreclosure. *See, e.g., Kyle v. Countrywide Home Loans, Inc.*, 232 S.W.3d 355, 362 (Tex. App.—Dallas 2007, pet. denied) (holding that summary judgment evidence consisting of (1) a sworn affidavit by bank's foreclosure specialist attesting to borrower's default and (2) a deed of trust, which gave bank right to seek judicial foreclosure in event of default, was sufficient to entitle bank to judgment as matter of law against borrower); *see also Zarges v. Bevan*, 652 S.W.2d 368, 369 (Tex. 1983) (per curiam) (holding that a true and correct copy of the note is legally sufficient for summary judgment purposes).

The burden then shifted to the Haleys to raise an issue that would preclude summary judgment. *See Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995) (citing *"Moore" Burger, Inc. v. Phillips Petroleum Co.*, 492 S.W.2d 934, 936–37 (Tex. 1972)). In their summary judgment responses, the Haleys specifically challenged Beneficial's standing to enforce the note. *See Bean v. Bluebonnet Sav. Bank FSB*, 884 S.W.2d 520, 522 (Tex. App.—Dallas 1994, no writ) (holding that to recover on a promissory note the plaintiff must prove, among other things, that it is the owner or holder of the note) (citing *Sorrells v. Giberson*, 780 S.W.2d 936, 938 (Tex. App.—Austin 1989, writ denied)). To establish a fact issue, the Haleys produced copies of documents filed with the United States Securities and Exchange Commission as evidence that the note had been sold as part of a securitization agreement. These documents span 238 pages, and the Haleys have failed to provide this Court with pinpoint citations to the record to

7

support their position that the note was sold.   *See* TEX. R. APP. P. 38.1(i) ("The [appellant's] brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."); *Trebesch v. Morries*, 118 S.W.3d 822, 825 (Tex. App.—Fort Worth 2003, pet. denied) ("We are not required to search the record, with no guidance from Appellants, to see if an issue of material fact was raised by the record.") (citing *Hall v. Stephenson*, 919 S.W.2d 454, 466–67 (Tex. App.—Fort Worth 1996, writ denied)).   However, even if we assume those documents raise a genuine issue of fact about ownership of the note, Beneficial contends that it has standing to enforce the note because it conclusively established its status as the holder of the note. We agree.

A "holder" is a "person entitled to enforce" an instrument.   TEX. BUS. & COM. CODE ANN. § 3.301.   A "holder" includes "the person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession." *Id.* § 1.201(b)(21).   Whether the holder is also the owner is irrelevant.   *SMS Financial, Ltd. Liability Co. v. ABCO Homes, Inc.*, 167 F.3d 235, 239 (5th Cir. 1999).   The Uniform Commercial Code specifically provides that "[a] person may be a person entitled to enforce the instrument even though the person is *not the owner* of the instrument or is in wrongful possession of the instrument."   TEX. BUS. & COM. CODE ANN. § 3.301 (emphasis added). Thus, the Haleys' focus on ownership is misplaced.

Beneficial is the holder of the note as defined in § 1.201(b)(21) because it is in possession of a note which is payable to itself.[6]   *See ABCO Homes, Inc.*, 167 F.3d at 239.

---

[6] The note is payable to Beneficial Texas, Inc.   As part of its summary judgment evidence, appellee produced a certified copy of a certificate of merger from the Texas Secretary of State showing Beneficial Texas, Inc. merged into appellee.

Beneficial provided a true and correct copy of the note authenticated by Beneficial's custodian of records, who further attested that "Beneficial is currently the note holder and servicer of the Note and Security Instrument." This evidence was legally sufficient to conclusively establish Beneficial's status as holder of the note. *See Zarges*, 652 S.W.2d at 369. Because Beneficial conclusively established its standing to enforce the note, and all other elements of its claim for judicial foreclosure, the Haleys' second issue is overruled.

## C.    The Haleys' constitutional defenses

The Haleys also argue that they raised genuine issues of material fact on their affirmative defenses under the Texas Constitution. *See* TEX. CONST. art. XVI, § 50(a)(6); *Garofolo v. Ocwen Loan Servicing, L.L.C.*, 497 S.W.3d 474, 478 (Tex. 2016). Beneficial responds that the Haleys waived these defenses by failing to raise them in their summary judgment responses. We agree.

In a summary judgment proceeding, the movant has no burden to negate the non-movant's affirmative defenses. *Exxon Mobile Corp. v. Rincones*, 520 S.W.3d 572, 593 (Tex. 2017). After the movant conclusively establishes each element of its claim, the nonmovant must come forward with summary judgment evidence sufficient to raise an issue of fact on each element of its affirmative defenses to avoid summary judgment. *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984) (citing *Clear Creek,* 589 S.W.2d at 678–79). "[I]ssues a non-movant contends avoid the movant's entitlement to summary judgment must be expressly presented by written answer to the motion or by other written response to the motion . . . ." *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex. 1993) (citing *Clear Creek*, 589 S.W.2d at 678). An "answer" to summary

judgment means a response to the summary judgment motion, not an answer in the form of a regular pleading. *Clear Creek*, 589 S.W.2d at 679. Accordingly, affidavits filed with an answer are not summary judgment evidence unless they are also attached to the summary judgment response or incorporated in the response by express reference. *Speck v. First Evangelical Lutheran Church of Hous.*, 235 S.W.3d 811, 816 (Tex. App.— Houston [1st Dist.] 2007, no pet.); *see Sugarland Bus. Ctr., Ltd. v. Norman*, 624 S.W.2d 639, 642 (Tex. App.—Houston [14th Dist.] 1981, no writ) (holding that an affidavit "attached to the pleadings but not attached to the motion for summary judgment, does not constitute summary judgment evidence."); *Lance v. Robinson*, 543 S.W.3d 723, 732–33 (Tex. 2018) (holding the trial court in a summary judgment proceeding properly considered evidence previously filed because the movant's motion expressly incorporated the evidence by reference); *see also Granata v. Kroese*, No. 05-17-00118-CV, 2018 WL 345637, at *5 (Tex. App.—Dallas Jan. 10, 2018, pet. dism'd by agr.) (mem. op.) ("Because [the appellant] did not attach the affidavit to his response to the motion for summary judgment, incorporate it by reference, or even mention it in the response, the affidavit was not part of the summary judgment evidence.") (citing *Speck*, 235 S.W.3d at 816).

In this case, the Haleys did neither. They filed supplemental answers after their summary judgment response and sur-response, attaching affidavits they now rely on in this Court to raise a genuine issue of material fact on each element of their affirmative defenses. But the Haleys never amended their summary judgment response to expressly raise these affirmative defenses in avoidance of Beneficial's motion for summary judgment. When asked by the trial court during the summary judgment hearing whether these supplemental answers were actually sur-responses, the Haleys insisted that they

were only supplemental answers, but argued instead that the court was obligated to consider them in the summary judgment proceeding. Beneficial then responded, "I don't think I'm under any affirmative obligation to respond to an answer. So this is in his answer. What would I file in response to that?" Indeed, because the Haleys failed to expressly raise their affirmative defenses in their responses to Beneficial's motion for summary judgment, they were not preserved for our review.[7] *See* TEX. R. CIV. P. 166a(c)*; Speck*, 235 S.W.3d at 816; *McConnell*, 858 S.W.2d at 341. The Haleys' third issue is overruled.

## IV. CONCLUSION

The judgment of the trial court is affirmed.

GREGORY T. PERKES
Justice

Delivered and filed the
28th day of June, 2019.

---

[7] Any other issue raised by the Haleys on appeal that was not discussed in this opinion was deemed waived because it was not expressly raised in their summary judgment responses. *See* TEX. R. CIV. P. 166a(c); *McConnell*, 858 S.W.2d at 341.

11